IMPERIAL COLLIERY CO. v. CHESAPEAKE & O. RY. CO.

POWHATAN COAL & COKE CO. v. NORFOLK & W. RY. CO.

(Circuit Court, S. D. West Virginia. May 27, 1909.)

Nos. 157, 158.

COURTS (§ 274*)—FEDERAL COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

   A suit in a federal court to enjoin a railroad company from filing and enforcing an interstate rate alleged to be unreasonable, jurisdiction being invoked on the ground that a federal question is involved, can only be brought in the state in which the defendant is incorporated and the district of which it is an inhabitant, unless such objection is waived.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

In Equity. On motions to dissolve restraining orders.

Z. T. Vinson, E. W. Knight, and Arthur B. Hayes, for plaintiffs.
J. H. Holt, Herbert Fitzpatrick, and Jos. I. Doran, for defendants.

KELLER, District Judge. These cases are before me upon motions, made under a special appearance by defendants, for the dissolution of the temporary restraining orders heretofore granted, because, "as it appears from the face of the bill, the foundation of the jurisdiction is a federal question, and not diversity of citizenship alone," and hence that "jurisdiction cannot be entertained * * * except in the district of which the defendant is an inhabitant, and the bill further discloses that the defendant is not an inhabitant of the district where the suit is brought, but a citizen of the state of Virginia, and an inhabitant of one of the districts thereof." I cannot see how, under any theory of jurisdiction advanced by plaintiffs, the court could acquire jurisdiction over the persons of the defendants, unless that question were waived by the general appearance of the defendants, and no such waiver has here been made. In re Keasbey & Mattison Company, 160 U. S. 222, 16 Sup. Ct. 273, 40 L. Ed. 402.

If it be contended that a suit such as the present is maintainable under the saving clause in section 22 of the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat. 387 [U. S. Comp. St. 1901, p. 3170]), then clearly the place of suit, not being fixed by any special law, is determined by reference to the general jurisdictional statute of March 3, 1875 (18 Stat. 470, c. 137), as amended and corrected by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507), and the case is entirely on all fours with the Keasbey & Mattison Company Case just cited, in which Mr. Justice Gray, speaking for the court, after referring to McCormick Harvesting Mach. Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833, Ex parte Shaw (Shaw v. Quincy Min. Co.) 145 U. S. 444, 12 Sup. St. 935, 36 L. Ed. 768, and Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, as establishing the doctrine that "a corporation cannot be considered a citizen, an inhabitant, or a resident of a state in which it has not been incorporated," goes on to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

say (page 229 of 160 U. S., and page 275 of 16 Sup. Ct. [40 L. Ed. 402]):

"Those cases, it is true, were of the class in which the jurisdiction is founded only upon the fact that the parties are citizens or corporations of different states. But the reasoning on which they proceeded is equally applicable to the other class, mentioned in the same section, of suits arising under the Constitution, laws, or treaties of the United States; and the only difference is that, by the very terms of the statute, a suit of this class is to be brought in the district of which the defendant is an inhabitant. and cannot, without the consent of the defendant. be brought in any other district, even in one of which the plaintiff is an inhabitant."

From all of the authoritive cases upon this subject that I have been able to find I have deduced the following three propositions in regard to the subject of jurisdiction as affected by the act of March 3, 1875, as amended in 1887 and 1888:

(1) That section 1, Act March 3, 1875, as amended in 1887 and corrected in 1888, has no application in its restrictive clauses, either as to place of bringing suit or as to jurisdictional value, to causes of which the Circuit Courts of the United States had, by statutes in force at the time of the passage of the amendatory acts of 1887 and 1888, original jurisdiction "exclusive of the courts of the several states," but is necessarily limited to the terms in which it is worded. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211.

(2) That all civil suits at law or in equity, fairly comprehended in the descriptive terms of that section, except such as were provided for in special and exclusive jurisdictional acts in force prior to the passage of said act as amended and corrected, and such as have been provided for in subsequent acts conferring special (though not necessarily exclusive) jurisdiction upon the Circuit Courts of .the United States, are governed by the provisions of section 1, Act March 3, 1875, as amended by Act March 3, 1887, and corrected by Act Aug. 13, 1888, in respect to place of suit and amount in controversy.

(3) That the conferring of jurisdiction upon Circuit Courts of the United States by statutes which do not in terms or by necessary implication describe such jurisdiction as "exclusive" does not have the effect of ousting the jurisdiction of the courts of the several states as described in Act March 3, 1875, as amended in 1887 and corrected in 1888, inasmuch as said act was a general jurisdictional statute, and prospective as well as present as to the subjects to be embraced by it; and hence that, except as specially provided in any such subsequent statute, the place of bringing suit will be governed by the general provisions found in section 1, Act March 3, 1875, as amended by the acts of 1887 and 1888.

In illustration of what I wish to convey I will refer to the interstate commerce act. Under that act section 9 provided for a suit for damages by any person claiming to be damaged by a common carrier subject to the provisions of the act "in any District or Circuit Court of the United States of competent jurisdiction." Here the place of bringing suit is not pointed out, and hence is to be governed by the general law in force determinative of that fact. So, if a suit in equity were brought to restrain the commission of an injury of like character to those for which section 9 provides a legal remedy, the same rule as to place of

suit should, in my judgment, prevail. Again, in section 22 we have the general provision that:

"Nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies."

In this case, also, it is manifest that the rule as to place of bringing suit must be sought either under the general law or such statutory remedies as are sought to be invoked. On the other hand, we have in section 16 of the act a provision of a special kind, providing its own rule as to place of bringing suit. This provision, giving remedy for the carrier's violation or refusal or neglect to obey or perform any lawful order or requirement of the Commission created by the act, provides that such Commission, or any company or person interested in such order or requirement, may apply in a summary way by petition to the Circuit Court of the United States sitting in equity, "in the judicial district in which the common carrier complained of has its principal office, or in which the violation or disobedience of such order or requirement shall happen." Here a special provision as to place of bringing suit has been enacted, and will, of course, govern; but the illustration only serves to emphasize the proposition that, where no such definite provision has been made, the rule as to place of bringing suit must be sought in the general statutes governing the matter.

I conclude that in these cases, the court not having jurisdiction ratione personæ, that objection, seasonably made, must prevail, and that the preliminary restraining order heretofore awarded must be dissolved as improvidently awarded, and that the bills must be dismissed, without prejudice, for lack of jurisdiction over the persons of the defendants.