## HOME FURNITURE CO. et al. v. UNITED STATES et al.*

(District Court, W. D. Texas, El Paso Division. December 15, 1924.)

### No. 146.

**Courts ⚖⟷102(1)—When District Judge will not pass on pleas to jurisdiction alone, stated.**

Under Act Oct. 22, 1913 (Comp. St. § 998), requiring that hearing on application to enjoin enforcement of order of Interstate Commerce Commission shall be before three judges, at least one of whom shall be a Circuit Judge, a District Judge will not pass on pleas to jurisdiction where counsel desire hearing before three judges, and different judge has decided that court has no jurisdiction.

In Equity. Suit by the Home Furniture Company and others against the United States, the Interstate Commerce Commission, and others, wherein application to enjoin enforcement of an order of the Interstate Commerce Commission was made. On

*Pending in U. S. Supreme Court.

motion that court call to its assistance two other judges before whom might be heard pleas to jurisdiction. Motion granted, and case set for hearing.

Sweeney & Wade, of El Paso, Tex., for complainants.

H. R. Gamble, Sp. Asst. U. S. Atty., of El Paso, Tex., J. H. Tallichet, of Houston, Tex., and Kemp & Nagle, W. A. Hawkins, and Del W. Harrington, all of El Paso, Tex., for defendants.

ATWELL, District Judge. This bill was filed some time in October, 1924. At the time of its filing there was no judge available in the El Paso division; Judge Smith being deceased. On October 27, 1924, it was presented to Judge Neblett, who was sitting by designation. After having considered the bill, Judge Neblett entered the following order:

"Be it remembered, that on this day was presented to the court the original bill of complaint in this cause, and came on to be heard on the oral motion of the complainants, through E. C. Wade, Jr., Esq., their solicitor, that this court call to its assistance two other judges that the complainants may make an application to said three judges for an injunction suspending and restraining the enforcement, operation, and execution of the order of the Interstate Commerce Commission, complained of in the complaint; and the court, having heard said bill of complaint read and having heard the oral motion hereinabove referred to, together with counsel's argument thereon, and being fully advised in the premises, is of the opinion that, it appearing from a reading of the complaint that the residence of the defendant the Southern Pacific Company, a corporation, is in the state of Kentucky, and the residence of the defendant the El Paso & Southwestern Railroad Company, a corporation, is in the state of Arizona, and the order sought by complainants to be suspended and its operation, execution, and enforcement restrained, was granted by the Interstate Commerce Commission on the application of said two defendants, the venue of this suit being in the state of Arizona or in the state of Kentucky, the court is without jurisdiction to grant the application.

"It is therefore ordered, adjudged, and decreed by the court that the motion of complainants be and the same is denied; to which ruling of the court the complainants, through their attorneys, in open court excepted."

After the entry of the above order, all of the defendants filed pleas to the jurisdiction.

Now, 48 days after the signing of the above order, the complainants again appear and ask that this court call to his assistance a Circuit Judge and another District Judge to hear and rule such pleas.

The defendants suggest that they are not asking to have their pleas to the jurisdiction passed upon at this time; that at some more convenient date there may be available three judges and at that time action may be taken. The complainants, however, insist that the cause should be speeded to its ultimate conclusion.

The Commerce Court which was originally vested with the jurisdiction to pass upon judgments of the Interstate Commerce Commission, was abolished on December 31, 1913, and the jurisdiction was vested in District Courts. The Act Oct. 22, 1913 (Comp. St. § 998) provides: "No interlocutory injunction suspending or restraining the enforcement, operation, or execution of, or setting aside, in whole or in part, any order made or entered by the Interstate Commerce Commission shall be issued or granted by any District Court of the United States, or by any judge thereof, or by any Circuit Judge acting as District Judge, unless the application for the same shall be presented to a Circuit or District Judge, and shall be heard and determined by three judges, of whom at least one shall be a Circuit Judge, and unless a majority of said three judges shall concur in granting such application. When such application as aforesaid is presented to a judge, he shall immediately call to his assistance to hear and determine the application two other judges."

The act also provides that "the hearing upon such application for an interlocutory injunction shall be given precedence and shall be in every way expedited."

At what point—when—shall the one judge call in the other two judges? Is it imperative that he call them for every order and preliminary step that is taken in the shaping of the case prior to the hearing of the injunction feature? May one judge determine, not upon the merits of the bill, but as to the parties, that there is no jurisdiction? Or must every step be taken before the entire court as constituted in the statute?

Manifestly, any proceeding or judgment or order which involves the merits of the bill, which touches the paramount policy that is and was back of the reason for the stat-

ute, must be considered by the assembled judges that their combined wisdom may adjudge the difficulties.

That sentence of the statute which says that, "upon the final hearing of any suit brought to suspend or set aside, in whole or in part, any order of said Commission the same requirements as to judges and the same procedure as to expedition and appeal shall apply," does not seem to refer to the consideration of preliminary questions.

While the provisions of section 266 of the Judicial Code (Comp. St. § 1243) are somewhat different to the provisions of the statute under consideration, yet the reason of the legislation is approximately the same. The District Judge must call to his aid two other federal judges before there shall be an interlocutory injunction to restrain the enforcement of a state statute on the ground of its alleged unconstitutionality. Judge Tuttle held, in Republic Acceptance Corp. v. De Land (D. C.) 275 F. 634, that he had the power to dispose of a motion to dismiss a bill which had been presented to him and which attacked the constitutionality of a state act. In Brown Drug Co. v. U. S., 235 F. 603, Circuit Judge Smith, sitting with two District Judges, in the consideration of a suit against the Interstate Commerce Commission and certain carriers to prevent the enforcement of new rates, and where there was an application for a temporary injunction, held that a motion to dismiss could not be heard before the three judges; that they were convened to hear the application for a temporary writ of injunction, and not to determine whether the case should be dismissed upon its merits. "If the motion had been filed before the application had been made, there would be no pretense that these three judges should sit to hear that question." Continuing, he said: "The motion to dismiss is one the majority of this court think must be submitted to the District Judge alone and be determined by him. That motion is not entirely free from difficulty. It is alleged in the bill that no legal evidence was taken before the Interstate Commerce Commission which would confer jurisdiction on it in this matter. Some of the judges are inclined to the opinion that it stated a legal conclusion; some that it stated an ultimate fact to be determined by the District Court. Whether he will determine it to-day or not is no affair of this court. When we come to the question as to whether the temporary injunction shall be granted or not a majority are agreed it cannot be done." See, also, Illi-

nois Cent. R. Co. v. Railroad Commission of Kentucky (D. C.) 1 F.(2d) 805; Lambert Co. v. B. & O. R. Co., 258 U. S. 383, 42 S. Ct. 349, 66 L. Ed. 671.

The difficulty of the present situation, however, is that Judge Neblett, to whom the present bill was presented, and who was presiding at that time in this court, and whose decision and order this court has no authority or power to review, determined that this court had no jurisdiction, and so determining declined to call two other judges. Following such announcement and order, all defendants filed the pleas mentioned. The defendants do not now call such pleas up for consideration, but all counsel ask for their consideration by three judges. Therefore, notwithstanding my own views that it is quite possible that the District Judge may act upon such matters without asking the help of two other judges, yet the delicacy of the present situation causes me to conform to the desire of counsel, and the case is set for hearing January 8, 1925, at 11 a. m., on pleas to the jurisdiction before three judges.

NOTE.—The above case came on to be heard at New Orleans, La., on January 10, 1925, before Circuit Judge R. W. Walker and District Judges West and Atwell. The motion to dismiss and to the jurisdiction was presented, and the three judges concurred in holding that an order of the Interstate Commerce Commission, which allowed the consolidation of the two railway systems, and which provided for the operation and leasing of one of them, together with many other matters, "related to transportation," and that a suit to set aside such an order must be brought within the district wherein the petitioners for such order resided; i. e., in either Kentucky or Arizona. The bill was dismissed.