## HOME FURNITURE COMPANY ET AL. v. UNITED STATES ET AL.

### APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS.

No. 324.   Argued and submitted May 6, 1926.—Decided June 1, 1926.

An order of the Interstate Commerce Commission, made upon petition of two railroad companies, permitting the one to acquire control of the other by stock ownership and leases, with the object of coördinating and improving their operation in connection with another railroad system, is an order relating to transportation, within the meaning of the Act of October 22, 1913; and therefore a suit to set the order aside cannot be brought in a district where neither of the petitioning companies resides. P. 459.

2 Fed. (2d) 765, affirmed.

APPEAL from a decree of the District Court sustaining a plea for the dismissal of a suit to set aside an order of the Interstate Commerce Commission, upon the ground that it was in the wrong venue.

*Messrs. Joseph U. Sweeney* and *Edward C. Wade, Jr.,* for appellants, submitted.

*Solicitor General Mitchell* and *Messrs. Blackburn Esterline,* Assistant to the Solicitor General, and *P. J. Farrell* for the United States and Interstate Commerce Commission.

*Mr. Joseph P. Blair,* with whom *Messrs. William F. Herrin, H. M. Garwood,* and *J. H. Tallichet* were on the brief, for Southern Pacific Company and El Paso & Southwestern Railroad Company.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Appellants are residents of El Paso, Texas, and there engage in the business of buying and selling furniture. By a bill presented to the United States District Court for the Western District of Texas, they sought annulment of an Interstate Commerce Commission order, which permitted acquisition of control over the Southwestern System by the Southern Pacific Company.

They alleged—

That the Southern Pacific Company is a corporation under the laws of Kentucky, which operates railroads in California, Arizona, New Mexico and other States.

"That defendant El Paso & Southwestern Railroad Company is a corporation incorporated under the laws of the State of Arizona and is authorized to and does operate railroads in the States of Arizona, New Mexico and Texas; that said defendant is engaged in the transportation of passengers and property in interstate commerce subject to the Interstate Commerce Act; that defendant is part of what is known as the El Paso & Southwestern Railway System, consisting of the following railroad companies, viz: The El Paso & Southwestern Railroad Company, the El Paso & Southwestern Railroad of Texas, the Burro Mountain Railroad Company, the Arizona & New Mexico Railway Company, the Dawson Railway

Company, the El Paso & Northeastern Railway Company, the El Paso & Rock Island Railway Company, the Alamogordo & Sacramento Mountain Railway Company, the El Paso & Northeastern Railroad Company, and the Tucson, Phoenix & Tide Water Railway Company, hereinafter, for convenience sake, referred to as the Southwestern System; that all of the issued and outstanding capital stock and a portion of the outstanding bonds of the companies comprising said System are owned directly or indirectly by the El Paso & Southwestern Company, a holding corporation of the State of New Jersey; that of the railway companies comprising said system only the defendant El Paso & Southwestern Railroad Company is engaged in the transportation of passengers and property in interstate commerce, which said company, in addition to operating the lines of railway owned by it, operates under lease all of the existing railways of the remaining companies comprising said system."

That the Southern Pacific Company and the El Paso & Southwestern Railroad Company, on July 1, 1924, petitioned the Interstate Commerce Commission for an order approving the former's proposal to acquire control of the Southwestern System by stock ownership and through leases.

That, on September 30, 1924, the Commission approved the proposal.

That they will be injured, by the proposed control, through loss of opportunity to route their goods over either of two competing systems, and the depreciation of service and increase of rates which will naturally result from suppression of competition. The gravamen is that transportation facilities, service and charges will be adversely affected by the union of the two systems under one management.

Appellees denied jurisdiction of the court and asked dismissal of the bill. They set up, by plea—

" That the venue of the suit upon said alleged cause of action does not lie in the District Court of the United States for the Western District of Texas, but, on the contrary, said venue lies, if the suit is maintainable at all, in the District Court of the United States for the District of Arizona or for the District of Kentucky, as complainants may elect to file their bill in either of said districts, for the following reasons, to wit:

" Because it affirmatively appears from the face of complainants' Bill heretofore filed herein that Southern Pacific Company, a corporation of the State of Kentucky, having its domicile in said State of Kentucky, and El Paso & Southwestern Railroad Company, a corporation of the State of Arizona, having its domicile in the State of Arizona, were the parties upon whose petition the order of the Interstate Commerce Commission sought to be reviewed and set aside in this proceeding was made and because it further appears from the said bill of complainants that the said order relates to transportation and was made upon the petition of the parties aforesaid."

This plea was sustained January 15, 1925, 2 Fed. (2d) 765, and the cause is here by direct appeal. Act October 22, 1913, c. 32, 38 Stat. 208, 220. Decision of the question at issue must turn upon the proper construction and application of the following provision of that Act, pp. 219, 220—

" The venue of any suit hereafter brought to enforce, suspend, or set aside, in whole or in part, any order of the Interstate Commerce Commission shall be in the judicial district wherein is the residence of the party or any of the parties upon whose petition the order was made, except that where the order does not relate to transportation or is not made upon the petition of any party the venue shall be in the district where the matter complained of in the petition before the commission arises, and except that where the order does not relate either to transportation

or to a matter so complained of before the commission the matter covered by the order shall be deemed to arise in the district where one of the petitioners in court has either its principal office or its principal operating office. In case such transportation relates to a through shipment the term 'destination' shall be construed as meaning final destination of such shipment."

The language of this provision was not happily chosen, but when consideration is given to the situation of the complaining parties here, the gravamen of their bill and the report of the Commission, we think it becomes sufficiently clear that its order has direct relation to transportation, within the meaning of the statute.

The Commission found:

"The lines of the Southwestern System are intermediate between the lines of the Southern Pacific, and the lines of the Chicago, Rock Island & Pacific Railway System, hereinafter called the Rock Island. The lines of the three systems constitute one of the principal direct routes between southern California and the Missouri River and Chicago, and are included in the Southern Pacific-Rock Island System in the grouping of railroads under the tentative plan for consolidation of railroad properties promulgated by us under date of August 3, 1921. Consolidation of Railroad Properties, 63 I. C. C. 455. Acquisition of control of the Southwestern System by the Southern Pacific is in harmony with this plan. It will result in direct physical connection between the lines of the Southern Pacific and the Rock Island, will assure the continuance of this route, and will increase its competitive strength as compared with the routes of the Santa Fe and Union Pacific. While the lines of the Southern Pacific and Southwestern System west of El Paso may be said to be parallel they serve different communities and industrial sections. The points at which the two systems meet are important points of interchange

of a large traffic to and from communities served by one but not the other. Better coördination and more efficient and economical operation will follow as to this traffic and as to transcontinental traffic in connection with the Rock Island, and relations to the traveling and shipping public and to public authorities will be simplified and improved."

The challenged order was made upon a petition, and neither party thereto resides within the Western District of Texas. It related to transportation. Consequently, the court below was without jurisdiction. See *Skinner & Eddy Corporation* v. *United States*, 249 U. S. 557, 563. Moreover, the bill alleged no probable direct legal injury to appellants except such as might arise out of changed conditions in respect of transportation to and from the City of El Paso. Accordingly, they had no proper cause of complaint unless the order had definite relation to transportation. *Hines, etc.* v *United States*, 263 U. S. 143, 148.

The decree of the court below must be

*Affirmed.*