### DORAN, U. S. Prohibition Com'r, et al. v. JUDD.

Circuit Court of Appeals, Third Circuit. January 29, 1929.

Rehearing Denied March 6, 1929.

No. 3946.

Richard H. Woolsey, of Philadelphia, Pa., for appellants.

B. I. De Young, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case it appears that John E. Judd made application in due form to the Prohibition Administrator for a permit to operate a brewery. In the course of an investigation of his fitness and financial ability to operate the plant, Judd stated to the agents of the Commissioner that he had $20,000 which he had saved and that it was invested in bonds. Later, when pressed as to where he bought the bonds, what were their denominations, and where he had them, he admitted that the statement he had made was not true and that he had made it with a view to "boost his credit." It finally appeared that the only money he had put into the business was $200, which he had borrowed, and $20,000 he expected to borrow at banks. After the application was refused by the administrator, a hearing was given by a hearer who reported the applicant was not a fit person to hold a permit and approved the refusal by the Commissioner. To a bill filed in the District Court to review and revise the action of the administrator, the latter made answer, inter alia, that Judd had "deliberately deceived

government agents as to his financial responsibility," and averred "that the said decision was made necessary under the law by the facts which were divulged by the defendant in the course of investigation on the application."

As held in Ma-King Co. v. Blair, 271 U. S. 482, 46 S. Ct. 545, 70 L. Ed. 1046, the law did not "vest in the Court the administrative function of determining whether or not the permit should be granted," but merely gave "authority to determine. whether, upon the facts and law, the action of the Commissioner [here administrator] is based upon an error of law, or is wholly unsupported by the evidence or clearly arbitrary or capricious." As we view the case, the court below, instead of confining its action to the prescribed sphere of action last quoted, entered on the prescribed area stated in the first clause quoted, namely, "the administrative function of determining whether or not the permit should be granted." Had the "administrative function of determining whether or not the permit should be granted" been committed to the court, it might have given such weight to the testimony produced by Judd of his good character, of the confidence of witnesses in him, and of their willingness to lend him their money or credit in carrying on the brewery, as afforded ground to warrant the grant of a permit. But as we said, the scope of the court's inquiry was confined to three points: First, an alleged error of law by the administrator; second, whether his finding of unfitness was unsupported by evidence; and, thirdly, whether it was arbitrary or capricious. After a study of the proofs, we are of opinion that all three questions must be answered in the negative. As to the first, the administrator made no error of law. As to the second, we find in the record evidence, namely, false statements as to the applicant's financial resources for the purpose of misleading the administrator. Moreover, we regard the untruthfulness of the applicant and his admitted purpose to falsely represent his ability to operate the brewery, as facts which might reasonably satisfy the administrator that as a permittee Judd might again resort to false statements to deceive. In refusing the permit, therefore, the administrator did not act in an arbitrary or capricious way, but with a due regard to his duty in refusing to grant the high privilege of such permit to one on whose truthfulness and integrity of statement he could not depend.

The decree below is therefore reversed, and the record remanded with directions to dismiss the bill.