## HUDSON & MANHATTAN R. CO. v. UNITED STATES et al. (JERSEY CITY, Intervener).

District Court, S. D. New York.
June 21, 1939.

138

John E. Buck and Donald C. Swatland, both of New York City (John F. Finerty, of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City, for Southern District of New York (Frank Coleman, Sp. Asst. to Atty. Gen., and William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for defendant United States of America.

Nelson Thomas, of Washington, D. C., for defendant Interstate Commerce Commission.

. Lawrence Jasie, of New York City (Charles Hershenstein, of Jersey City, N. J., of counsel), for intervening defendant Jersey City.

Heard in pursuance of the provisions of Title 28 United States Code, Section 41(28) and Section 47, 28 U.S.C.A. §§ 41(28), 47, by a three judge court consisting of SWAN, Circuit Judge, and WOOLSEY and HULBERT, District Judges.

WOOLSEY, District Judge.

Our decision in this cause is that the complaint must be dismissed with costs to the defendants on the ground that the venue thereof is laid in the wrong district.

I. The plaintiff is a consolidated railroad corporation organized and existing under the laws of the States of New York and New Jersey. Its operating office is in the Southern District of New York. It maintains an underground electric transportation service for passengers under the Hudson River between designated points in the Borough of Manhattan, County and City of New York, and in the counties of Hudson and Essex, New Jersey.

II. On July 31, 1937, the plaintiff issued, published and filed with the Interstate Commerce Commission a proposed Local Passenger Tariff, designated as I. C. C. No. 42, which was to become effective on September 1, 1937, establishing, in lieu of the fare of 6 cents previously estab-

lished, a fare of 10 cents for interstate transportation of passengers on the plaintiff's downtown line, between the plaintiff's downtown terminal at Hudson Terminal in Cortlandt Street, New York City, and plaintiff's stations at Exchange Place, Grove and Hudson Streets, Journal Square and Erie Station, Jersey City, and Hoboken.

Plaintiff's said Local Passenger Tariff, I. C. C. No. 42 did not make any change in the fare for interstate transportation on the plaintiff's uptown line, previously established at 10 cents, or in the fare for intrastate transportation in the States of New York and New Jersey previously established at 5 cents.

On August 9, 1937, the City of Jersey City, and later other municipalities and citizens of the State of New Jersey, filed protests against the Tariff aforesaid.

There were not any persons or corporations residing in any district other than the District of New Jersey who filed any protest in respect of said Tariff before August 17, 1937.

On August 17, 1937, as a result of the New Jersey protests, the Interstate Commerce Commission entered an order captioned "Investigation and Suspension Docket, No. 4394, Passenger Fares Hudson & Manhattan R R", which provided inter alia—

"It Appearing, That there has been filed with the Interstate Commerce Commission a tariff containing schedules stating new individual and joint fares and charges, and new individual and joint regulations and practices affecting such fares and charges, to become effective on the 1st day of September, 1937, designated as follows: Hudson & Manhattan Railroad Company: I. C. C. No. 42;

"It is ordered, that the Commission *upon complaint, without formal pleading,* enter upon a hearing concerning the lawfulness of the fares, charges, regulations and practices stated in the said schedules contained in said tariff."

This order for an investigation also contained further orders providing for the suspension of the operation of the proposed schedule of rates or any change of rates pending the said hearing and the decision of the Commission disposing thereof.

On July 11, 1938, the aforesaid proceeding resulted in a decision by the Interstate Commerce Commission holding that the 10 cent fare proposed by the schedule was excessive, but giving the railroad company the permission to charge an 8 cent fare. Passenger Fares of Hudson & Manhattan Railroad Company, 227 I. C. C. 741.

The Hudson & Manhattan Railroad Company has taken advantage of this permission and under it is now operating its downtown branch, allegedly at a loss, on an 8 cent fare basis.

III. The complaint in this cause was filed in this Court on February 21, 1939.

In addition to praying that a three judge court, consisting of at least one Circuit Judge, be convened and that process against the United States and the Interstate Commerce Commission be issued, the complainant prayed that on final hearing, this Court adjudge, order and decree that the order of the Commission, dated July 11, 1938, be set aside, annulled and the enforcement thereof be perpetually enjoined in so far as such order required the cancellation of the plaintiff's Local Passenger Tariff, I. C. C. No. 42, of 10 cents for transportation on its downtown line, and in so far as such order limited plaintiff's interstate transportation to an 8 cent maximum fare for transportation on such line, and ended with the usual general prayer.

In the prayer of the complaint there was not any request for an interlocutory injunction, but merely a request for a final hearing and a permanent injunction.

On April 27, 1939, motions were filed to dismiss the complaint on the ground of (1) lack of venue, and (2) pendency of a prior suit between the same parties in the District of New Jersey.

On April 28, 1939, an order was entered by Judge Hulbert, before whom the motion for a three judge court had been made, convening a three judge court, constituted as above indicated, in pursuance of the statutory provisions of Title 28 United States Code, Section 47, 28 U.S.C.A. § 47.

On May 3, 1939, argument was heard before this three judge court on the motions filed on April 27, 1939.

At the request of all parties briefs were filed after the argument, of which the latest was filed on May 17, 1939.

IV. Title 28 United States Code, Section 47, 28 U.S.C.A. § 47, provides (italics mine):

"No interlocutory injunction * * * setting aside * * * any order made * * by the Interstate Commerce Commission shall be issued * * * unless the application for the same shall be presented to a circuit or district judge, and shall be heard and determined by three judges * * *. When such application as aforesaid is presented to a judge, he shall immediately call to his assistance to hear and determine the application two other judges * * * and *upon the final hearing of any suit brought to suspend or set aside, in whole or in part, any order of said commission the same requirement as to judges and the same procedure as to expedition and appeal shall apply.*"

█ It seems to be quite clear that as the complaint involves an application for the annulment of an order of the Interstate Commerce Commission, it was necessary that there should be a three judge court convened by Judge Hulbert. For if the defendants had been unsuccessful on their motions to dismiss based on lack of venue, and *lis alibi pendens,* those motions would be a mere prelude to a hearing for a permanent injunction which requires a three judge court. Title 28 United States Code, Section 47, 28 U.S.C.A. § 47.

We do not think, therefore, that the fact that an interlocutory injunction was not asked made the convening of a three judge court unnecessary.

█ We hold that when a three judge court is convened in a cause wherein, as here, due to the relief sought under the prayers thereof, it has subject matter jurisdiction, it must inherently have jurisdiction to deal with such preliminary motions as the parties may be advised to make, whether those motions are filed before or after the order convening the three judge court.

It seems to us that, although it was not discussed by the Supreme Court, this principle was implicit in the case of Home Furniture Company v. United States et al., 271 U.S. 456, 46 S.Ct. 545, 70 L.Ed. 1033, which affirmed a decision wherein a three judge court, convened in the Western District of Texas, after a single District Judge had held that there was not any venue therein, passed on the question of venue, and dismissed a complaint against the United States and the Interstate Commerce Commission on the ground that it was brought in the wrong district and

wherein the question of jurisdiction to hear preliminary motions was, therefore, sustained. Cf. Home Furniture Company v. United States et al., D.C., 2 F.2d 765, 767.

█ V. Although, of course, venue may be waived, it has not been waived in this cause and is here raised properly *in limine* by the motions of the two original defendants and of the intervening defendant.

The Act of October 22, 1913, Title 28 United States Code, Section 43, 28 U.S.C.A. § 43, fixes the venue—i. e., the district wherein the United States consents to be sued—in suits such as this.

Title 28 United States Code, Section 43, 28 U.S.C.A. § 43, is somewhat obscurely phrased and, as far as relevant herein,— paragraphed and italicized by us,—reads as follows:

"The venue of any suit brought to * * set aside, in whole or in part, any order of the Interstate Commerce Commission shall be

*"in the judicial district wherein is the residence of the party or any of the parties upon whose petition the order was made,*

"except that where the order does not relate to transportation

"or is not made upon the petition of any party

"the venue shall be in the district where the matter complained of in the petition before the commission arises, and

"except that where the order does not relate either to transportation or to a matter so complained of before the commission the matter covered by the order shall be deemed to arise in the district where one of the petitioners in court has either its principal office or its principal operating office."

The bill of complaint does not contain any allegation to show on which particular clause of Section 43 the plaintiff relies to establish a venue in the Southern District of New York.

The second paragraph of the bill of complaint alleges that its principal operating office is in New York City and that the matter covered by the order arose in part in this District.

█ This allegation on first reading gives a colorable impression that the venue

might be in this District, but, on reflection, it appears from the facts before us in the pleadings or by stipulation that the order of the Commission which the complaint herein attacks relates to transportation, and that, prior to the entry of the Investigation and Suspension order, the 10 cent fare was complained of to the Commission only by the New Jersey municipalities and citizens who protested against it.

It seems to us fairly inferable from the language of Section 43 that when a tariff is ordered to be canceled pursuant to protest contained in a petition or complaint filed with the Commission, its resultant order is made upon the petition of the protesting party. Cf. Illinois Central Railroad Company v. State Public Utilities Commission, 245 U.S. 493, 504, 505, 38 S.Ct. 170, 62 L.Ed. 425.

We hold, therefore, that the matrix of the Investigation and Suspension proceedings initiated by the Commission was the New Jersey petitions.

The plaintiff argues that the petitions by the New Jersey protestants asked merely for a suspension of the proposed 10 cent fare, not for cancellation of the tariff. This, in our opinion, is an argument which does not cut deep enough but sticks in the bark, for the New Jersey petitioners asked for a cancellation of the 10 cent fare and for such other and further relief in the premises as the Commission might deem just and reasonable,—a typical general prayer which, aside from the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., immediately to be noticed, left the Commission free to give such relief as it deemed appropriate. E. g. Lockhart v. Leeds, 195 U.S. 427, 436, 437, 25 S.Ct. 76, 49 L.Ed. 263.

It is further argued by the plaintiff that, in any event, that part of the order permitting the establishment of an 8 cent fare was made on the Commission's own motion and not on any petition and so falls within the second clause of Section 43.

We disagree, for Title 49 United States Code, Section 15(1) and (7), 49 U.S.C.A. § 15(1,7), gives to the Commission power not only to suspend a proposed tariff, but also to make such order after hearings thereon, as would establish a proper tariff in a proceeding initiated after the rate had become effective. This is, of course, analogous to a Court's power under a general prayer. Cf. Lockhart v. Leeds, 195 U.S. 427, 436, 437, 25 S.Ct. 76, 49 L.Ed. 263.

Only one juridical act of the Interstate Commerce Commission is attacked, namely, its order of July 11, 1938, which resulted, in our opinion, from the New Jersey petitions. That order must be dealt with in its entirety and cannot be split for the purpose of venue between the main prayer and the general prayer of the petitions.

The only proper venue in which to attack it is, in our opinion, the District of New Jersey.

VI. We have held that we as a three judge court have jurisdiction to deal with the preliminary motions herein made. We find it, therefore, unnecessary to decide whether a single judge could have dealt with them if he had wished to do so before a three judge court had been convened.

Because we have dismissed this suit for having been brought in the wrong venue we do not have to deal with the plea of lis alibi pendens based on the suit between the same parties in the District of New Jersey.

VII. As this cause is not decided on final hearing or on a hearing for an interlocutory injunction but on motions to dismiss for lack of proper venue in this district, it is not, in our opinion, necessary to have submitted herein findings of fact and conclusions of law separately stated.

A decree dismissing the complaint, with costs to the defendants, should be promptly submitted to us through the clerk's office on the usual notice.