Elizabeth G. RHODES and the Co-Operative Committee, Railroad Brotherhoods in the State of Pennsylvania

v.

UNITED STATES of America, Interstate Commerce Commission and Baltimore & Ohio Railroad Company.

Civ. A. No. 63-472.

United States District Court
W. D. Pennsylvania.

June 18, 1963.

Brandon & Shearer, Pittsburgh, Pa., for plaintiffs.

Joseph Ammerman, U. S. Atty., for defendants.

Mercer & Buckley, Pittsburgh, Pa., for defendant B & O R. Co.

BIGGS, Circuit Judge.

The complaint alleges that the individual plaintiff, Elizabeth G. Rhodes, resides in Washington, D. C. The other plaintiff, the Co-Operative Legislative Committee, Railroad Brotherhoods in the State of Pennsylvania, is alleged to be an association of railway brotherhoods representing employees servicing certain trains described in the complaint. The complaint seeks to set aside an order of the Interstate Commerce Commission and prays, among other things, for the convening of a statutory court pursuant to Sections 2325 and 2284, Title 28 U.S.C.

Section 1398, Title 28, U.S.C., states: "Except as otherwise provided by law, any civil action to enforce, suspend or set aside in whole or in part an order of the Interstate Commerce Commission shall be brought only in the judicial district wherein is the residence or principal office of any of the parties bringing such action."

It appears from the face of the complaint that the individual plaintiff is not a resident of the Western District of Pennsylvania and it does not appear that the Co-Operative Legislative Committee, the association, has its principal place of business in the Western District of Pennsylvania. No further particulars are set out in the complaint that can aid the United States District Court for the Western District of Pennsylvania or the undersigned in ascertaining whether or not the venue requirements of Section 1398 are met.

I have received a request from Judge Dumbauld, a Judge of the United States District Court for the Western District of Pennsylvania, to which the complaint was filed, couched in the usual terms requesting the convening of a three-judge statutory court pursuant to Section 2284, Title 28 U.S.C. but in his letter the District Judge raises a question as to whether or not venue has been properly laid in the complaint.

Venue provisions should be clearly laid. In my opinion, however, objections to defects in venue as prescribed by Section 1398 need not be asserted. See Section 1406(b), Title 28 U.S.C. This is well established. See, for example, Imperial Colliery Co. v. Chesapeake & Ohio Ry. Co., 171 F. 589 (Cir.Ct., S.D.

W.Va.1909). The decision in Home Furniture Company v. United States, 271 U.S. 456, 46 S.Ct. 545, 70 L.Ed. 1033 (1926), is not to the contrary. I construe the holdings of these authorities to be that a suit can be maintained in a district where proper venue does not exist if objection to venue be not made. See Hoffman v. Blaski, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

The United States District Court for the Western District of Pennsylvania clearly has jurisdiction of the subject matter in the suit at bar. A three-judge statutory court will be created as prayed for by the plaintiff and that court may determine whatever questions may arise during the course of the litigation. Hudson & Manhattan Railroad Company v. United States, 28 F.Supp. 137 (S.D.N.Y.1939).