## *In re* KEASBEY AND MATTISON COMPANY, Petitioner.

### ORIGINAL.

No. 6.   Original.   Submitted October 14, 1895. — Decided December 16, 1895.

By virtue of the act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866, a corporation incorporated by a State of the Union cannot be compelled to answer to a suit for infringement of a trade-mark under the act of March 3, 1881, c. 138, in a district in which it is not incorporated and of which the plaintiff is not an inhabitant, although it does business and has a general agent in that district.

THIS was a petition for a writ of mandamus to the judges of the Circuit Court of the United States for the Southern District of New York, to command them to take jurisdiction and proceed against the E. L. Patch Company upon a bill in equity, filed in that court on January 26, 1895, by the petitioner, described in the bill as a corporation organized and existing under the laws of the State of Pennsylvania, against the E. L. Patch Company, alleged in the bill to be a corporation organized and existing under the laws of the State of Massachusetts, and having its principal office and place of business in the city and State of New York, and against Henry E. C. Kuehne and Edward H. Lubbers, alleged to be citizens of the United States and of the State of New York, and managing or general agents of the E. L. Patch Company in that State, for infringement of a trade-mark, owned by the petitioner, registered in the Patent Office under the laws of the United States, and used in commerce between the United States and several foreign nations named in the bill; and alleging that "this is a suit of a civil nature in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the laws of the United States, and also in which there is a controversy between citizens of different States, within the intent and meaning of the statute in such case made and provided."

Upon the filing of the bill in equity, a subpœna addressed to all the defendants was issued, and was served in the city of New York upon the E. L. Patch Company by exhibiting the original and delivering a copy to Kuehne, one of its managing agents in the district, and was also served upon Kuehne and Lubbers individually.

Upon the return of the subpœna, the E. L. Patch Company, by its solicitor appearing specially for this purpose, moved to set aside the alleged service of the subpœna upon the company ; and the Circuit Court, upon a hearing, ordered that the motion be granted, and that service set aside as null and void, and the company relieved from appearing to plead or answer to the bill.

*Mr. Edward K. Jones* for petitioner.

The questions to be passed on by this court are : (1) Whether or not that part of the first section of the act of March 3, 1887, c. 373, relating to the jurisdiction of the District and Circuit Courts as amended by the act of August 13, 1888, c. 866, which provides that " no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," is applicable to suits brought under a prior special act of Congress authorizing the registration of certain trade-marks and providing remedies in the courts of the United States for their infringement, such special act in itself not containing any such restriction upon the exercise of jurisdiction; and (2) Whether or not, if the provision of the act of 1887, as amended, and above quoted, does apply to such suits, the defendant corporation has waived its privilege of being sued in the district of its residence by doing business and having agents for the transaction thereof in the State and district where the suit is brought, the laws of that State providing that such foreign or non-resident corporations shall be subject to suit therein as a condition to their right to do business there ?

The case in no aspect can be considered to fall within the

decisions of this court construing the application of the further provision of the first section of the judiciary act of 1887, as amended, declaring that " where the jurisdiction is founded only on the fact that the action is between citizens of different. States suit shall be brought only in the district of the residence of either the plaintiff or the defendant," for the plain reason that the jurisdiction invoked in this case does not depend only on that fact.

The contention in behalf of the petitioner is,

(1) That there is really no question of jurisdiction at all in this case, as the learned judge of the Circuit Court supposed, the real question being whether or not the exercise of jurisdiction has been prohibited or restricted so as to exclude the defendant from its operation, upon its pleading the privilege of being sued only in the district of its residence or inhabitancy.

(2) That the provisions of the first section of the present judiciary act above quoted are inapplicable to this case, because the suit being founded on a special act of Congress, to wit, the act authorizing the registration and suits for the infringement of trade-marks; and that act contains no such prohibition or restriction.

(3) Even if the case is governed by the judiciary act of 1887, as amended, and conceding that the limitations of the exercise of jurisdiction above quoted would otherwise operate, the defendant has waived its privilege of being sued only in the district of its residence by doing business in the State and district where it is sued and committing there the injury for which the suit is brought.

The Circuit Court clearly has jurisdiction of the defendant corporation.

This proposition is evident not only from the express terms of the act relating to trade-marks, but also from the act of 1887, as amended.

There can, therefore, be no question of jurisdiction. The only question is, as before stated, whether or not the exercise of jurisdiction in a case like the present is, by some other provision of law, excluded or forbidden when pleaded by the defendant. In other words, has this defendant the privilege

of being sued only in the district of its residence? or has it waived that privilege?

That the place or district where suits in the courts of the United States are to be brought is a mere privilege, which the defendant may waive, is well established. *Ex parte Schollenberger*, 96 U. S. 369 ; *St. Louis & San Francisco Railway* v. *McBride*, 141 U. S. 127; *Central Trust Co.* v. *McGeorge*, 151 U. S. 129.

The present suit being founded on the special act of Congress relating to trade-marks, the privilege of being sued only in the district of the defendant's residence, provided by the act of 1887 as amended, does not apply.

Of course, it is not intended to be argued in behalf of the petitioner that this leaves a plaintiff to sue the defendant in any place or district he may select, as the learned Circuit Judge suggested at the argument in the Circuit Court. But it is argued that, as the trade-mark statute, unlike the act of 1887, does not confer upon defendants the privilege of being sued only in the districts of their residence, it leaves it to the Circuit Court to assume jurisdiction whenever the ordinary conditions to its exercise exist, *i.e.* whenever the defendant is present in such a way that courts of general jurisdiction may assert their authority over his person or property. And in the case of a foreign or non-resident corporation it is abundantly established that this condition exists whenever such foreign or non-resident corporation comes within the territorial limits of a State and Federal district, and there carries on business by agents or servants pursuant to local laws providing, as a condition to such corporation doing business there, that it shall submit to the authority of the courts of the place where it is thus permitted to exercise its functions. *Ins. Co.* v. *French*, 18 How. 404 ; *Railroad Co.* v. *Harris*, 12 Wall. 65 ; *Ex parte Schollenberger*, 96 U. S. 369 ; *Railroad Co.* v. *Koontz*, 104 U. S. 5, 10 ; *St. Clair* v. *Cox*, 106 U. S. 350 ; *N. E. Mut. Ins. Co.* v. *Woodworth*, 111 U. S. 138 ; *In re Louisville Underwriters*, 134 U. S. 488.

This suit being, therefore, as above stated, founded upon a special act of Congress, is not subject to the operation of the

general Judiciary Act, as amended. *In re Hohorst,* 150 U. S. 653; *United States* v. *Mooney,* 116 U. S. 104.

By doing business in the State the laws of which require a non-resident corporation to designate a person upon whom service may be made, or, in case such designation be not made, that service may be made upon its managing agent, the defendant waived its privilege of being sued only in the place of its inhabitancy; and the suit not being one where jurisdiction depends only on diverse citizenship, the court is not only competent to take cognizance of the case, but may subject the defendant to its process.

Even if this case can be considered as subject to the operation of the act of 1887, as amended, the decisions in cases where the sole ground of jurisdiction was diverse citizenship do not apply, because, as previously observed, that is not the only ground of jurisdiction here. This is notably true of the cases of *Shaw* v. *Quincy Mining Co.,* 145 U. S. 444; *Southern Pacific Company* v. *Denton,* 146 U. S. 202; and *Empire Coal Co.* v. *Empire Coal & Mining Co.,* 150 U. S. 159, relied upon by the respondents' counsel. Those were cases where the sole ground of jurisdiction was diverse citizenship, and both parties being nonresidents, it was held, upon a construction of the statute which provided that in such cases suit may be brought only in the place of the residence of the plaintiff or the defendant, the actions could not be maintained in any other district.

Therefore, conceding that the act of 1887, as amended, applies, this case rests upon the other clause which provides that "no civil suit shall be brought before either of the said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant;" and under this clause it is insisted that the defendant may waive its privilege of being sued in its place of residence, and that it has waived it by doing business and having agents in the State and city of New York. *Railroad Co.* v. *Harris,* 12 Wall. 65; *St. Clair* v. *Cox,* 106 U. S. 350; *New York, Lake Erie & Western Railroad* v. *Estill,* 147 U. S. 591.

*Mr. William A. Abbott* opposing.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

This case presents a single question of jurisdiction of the Circuit Court of the United States, and involves no consideration of the merits of the cause of action asserted in the bill filed in that court.

By the act of March 3, 1881, c. 138, " owners of trade-marks used in commerce with foreign nations, or with the Indian tribes, provided such owners shall be domiciled in the United States, or located in any foreign country or tribe which by treaty, convention or law affords similar privileges to citizens of the United States, may obtain registration of such trade-marks," by causing to be recorded in the Patent Office a statement and description thereof, and complying with other requirements of the act. 21 Stat. 502.

By section 7 of that act, "any person who shall reproduce, counterfeit, copy, or colorably imitate any trade-mark registered under this act, and affix the same to merchandise of substantially the same descriptive properties as those described in the registration, shall be liable to an action on the case for damages for the wrongful use of said trade-mark at the suit of the owner thereof; and the party aggrieved shall also have his remedy, according to the course of equity, to enjoin the wrongful use of such trade-mark used in foreign commerce or commerce with Indian tribes, as aforesaid, and to recover compensation therefor in any court having jurisdiction over the person guilty of such wrongful act; and courts of the United States shall have original and appellate jurisdiction in such cases, without regard to the amount in controversy."

By section 11, nothing in this act shall be construed " to give cognizance to any court of the United States in an action or suit between citizens of the same State, unless the trade-mark in controversy is used on goods intended to be transported to a foreign country, or in lawful commercial intercourse with an Indian tribe."

While section 7 provides that "courts of the United States shall have original and appellate jurisdiction in such cases, without regard to the amount in controversy;" and while the provision of section 11, that nothing in the act shall be construed to give "cognizance to any court of the United States in an action or suit between citizens of the same State," unless the trade-mark is used in commerce with a foreign country or an Indian tribe, implies that a suit for infringement of a trade-mark used in such commerce may be maintained in some court of the United States; yet neither of those sections, and no other provision of the act, specifies in what court of the United States, or in what district, suits under the act may be brought; but the jurisdiction of such suits, in these respects, is left to be ascertained from the acts regulating the jurisdiction of the courts of the United States.

At the time of the passage of the Trade-Mark Act of 1881, the only act to which reference could be had to ascertain such jurisdiction was the Judiciary Act of March 3, 1875, c. 137, § 1, providing that "the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority," "or in which there shall be a controversy between citizens of different States," "or a controversy between citizens of a State and foreign States, citizens or subjects." "But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court. And no civil suit shall be brought before either of said courts against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding," except in certain cases not material to the present inquiry. 18 Stat. 470.

The restriction of jurisdiction, with respect to amount, in the act of 1875, was perhaps superseded, as to trade-mark

cases, by the express provision of section 7 of the act of 1881; but the jurisdiction, with regard to the court, as well as to the district, in which such suits should be brought, was controlled by the act of 1875, as the only act in force upon the subject. Under the provision of that act, which allowed a defendant to be sued in the district of which he was an inhabitant, or in that in which he was found, a corporation could doubtless have been sued either in the district in which it was incorporated, or in any district in which it carried on business and had a general agent. *Ex parte Schollenberger,* 96 U. S. 369, 377; *New England Ins. Co.* v. *Woodworth,* 111 U. S. 138, 146; *Shaw* v. *Quincy Mining Co.,* 145 U. S. 444, 452; *Southern Pacific Co.* v. *Denton,* 146 U. S. 202, 207.

But when this suit was brought, the first section of the Judiciary Act of 1875 had been amended by the act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866, in the parts above quoted, by substituting, for the jurisdictional amount of $500, exclusive of costs, the amount of $2000, exclusive of interest and costs; and by striking out, after the clause "and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," the alternative, "or in which he shall be found at the time of serving such process, or commencing such proceeding," and by adding "but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 24 Stat. 552; 25 Stat. 433.

The last clause is added by way of proviso to the next preceding clause, which, in its present form, forbids any suit to be brought in any other district than that of which the defendant is an inhabitant; and the effect is that, in every suit between citizens of the United States, when the jurisdiction is founded upon any of the grounds mentioned in this section, other than the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but when the jurisdiction is founded only on the fact that the par-

ties are citizens of different States, the suit shall be brought in the district of which either party is an inhabitant. And it is established by the decisions of this court that, within the meaning of this act, a corporation cannot be considered a citizen, an inhabitant or a resident of a State in which it has not been incorporated; and, consequently, that a corporation incorporated in a State of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a Circuit Court of the United States held in another State, even if the corporation has a usual place of business in that State. *McCormick Co.* v. *Walthers*, 134 U. S. 41, 43; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202. Those cases, it is true, were of the class in which the jurisdiction is founded only upon the fact that the parties are citizens or corporations of different States. But the reasoning on which they proceeded is equally applicable to the other class, mentioned in the same section, of suits arising under the Constitution, laws or treaties of the United States; and the only difference is that, by the very terms of the statute, a suit of this class is to be brought in the district of which the defendant is an inhabitant, and cannot, without the consent of the defendant, be brought in any other district, even in one of which the plaintiff is an inhabitant.

When the parties are citizens of different States, so that the case comes within the general grant of jurisdiction in the first part of the section, the defendant, by entering a general appearance in a suit brought against him in a district of which he is not an inhabitant, waives the right to object that it is brought in the wrong district. *Interior Construction Co.* v. *Gibney*, *ante*, 217, and cases there cited. But a corporation, by doing business or appointing a general agent in a district other than that in which it is created, does not waive its right, if seasonably availed of, to insist that the suit should have been brought in the latter district. *Shaw* v. *Quincy Mining Co.* and *Southern Pacific Co.* v. *Denton*, above cited.

In the case of *Hohorst, petitioner*, 150 U. S. 653, on which the petitioner in this case principally relied, the decision was that the provision of the act of 1888, forbidding suits to be

brought in any other district than that of which the defendant is an inhabitant, had no application to an alien or a foreign corporation sued here, and especially in a suit for infringement of a patent right; and therefore such a firm or corporation might be so sued by a citizen of a State of the Union in any district in which valid service could be made on the defendant. That case is distinguishable from the one now before the court in two essential particulars: First. It was a suit against a foreign corporation, which, like an alien, is not a citizen or an inhabitant of any district within the United States; and was therefore not within the scope or intent of the provision requiring suit to be brought in the district of which the defendant is an inhabitant. See *Galveston &c. Railway* v. *Gonzales*, 151 U. S. 496. Second. It was a suit for infringement of a patent right, exclusive jurisdiction of which had been granted to the Circuit Courts of the United States by section 629, cl. 9, and section 711, cl. 5, of the Revised Statutes, reënacting earlier acts of Congress; and was therefore not affected by general provisions regulating the jurisdiction of the courts of the United States, concurrent with that of the several States.

In *United States* v. *Mooney*, 116 U. S. 104, it was likewise held that the first section of the Judiciary Act of 1875 did not take away the exclusive jurisdiction, conferred by earlier statutes upon the District Courts of the United States, over suits for the recovery of penalties and forfeitures under the customs laws of the United States.

No such rule is applicable to a suit for infringement of a trade-mark under the act of 1881. That act, while conferring upon the courts of the United States, in general terms, jurisdiction over such suits, without regard to the amount in controversy, does not specify either the court or the district of the United States in which such suits shall be brought; nor does it assume to take away or impair the jurisdiction which the courts of the several States always had over suits for infringement of trade-marks.

This suit, then, assuming it to be maintainable under the act of 1881, is one of which the courts of the United States

have jurisdiction concurrently with the courts of the several States. The only existing act of Congress, which enables it to be brought in the Circuit Court of the United States, is the act of 1888. The suit comes within the terms of that act, both as arising under a law of the United States, and as being between citizens of different States. In either aspect, by the provisions of the same act, the defendant cannot be compelled to answer in a district of which neither the defendant nor the plaintiff is an inhabitant. The objection, having been seasonably taken by the defendant corporation, appearing specially for the purpose, was rightly sustained by the Circuit Court.

Whether the provision in section 7 of the Trade-Mark Act of 1881, that the courts of the United States should have original jurisdiction in such cases, without regard to the amount in controversy, would control the pecuniary limit of jurisdiction in the subsequent act of 1888, as in the prior act of 1875, of which that act was an amendment, it is unnecessary to consider, because this bill distinctly alleges that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2000.

*Writ of mandamus denied.*