TOMKINS v. PATERSON et al.

(District Court, W. D. Washington, N. D.   December 15, 1916.)

No. 3402.

COURTS ☞268—FEDERAL COURTS—PENALTIES—VENUE OF ACTION.

The venue of an action to recover the penalty provided by section 5 of the Immigration Act of February 20, 1907 (34 Stat. 900, c. 1134 [Comp. St. 1913. § 4250]), amended March 26, 1910, for the importation of a contract laborer, is governed by Rev. St. § 732, providing that all pecuniary penalties and forfeitures may be sued for either in the district where they accrue or in the district where the offender is found, and not by Judicial Code (Act March 3, 1911, c. 231) § 51, 36 Stat. 1101 (Comp. St. 1913, § 1033), providing that no person shall be arrested in one district for trial in another in any civil action, and such action may be brought against a foreign corporation in the district where the alien was to perform labor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. ☞268.]

Action by J. A. Tomkins against J. V. Paterson and another to recover a statutory penalty. On defendants' objection to the jurisdiction. Objection denied.

See, also, 239 Fed. 402.

E. N. Sears, of Seattle, Wash., for plaintiff.
Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendants.

NETERER, District Judge. The plaintiff seeks to recover from the defendants the sum of $1,000 penalty provided by section 5 of the Immigration Act of February 20, 1907, 34 Stat. 898, amended March 26, 1910. It is alleged that the defendant corporation is incorporated under the laws of the state of Delaware, doing business in the state of Washington, and that the alien was imported into this district from British Columbia, to perform labor as a mechanical engineer in the place of business of the said corporation, in the city of Seattle.

The defendant corporation has entered a special appearance, and has objected to the jurisdiction of this court, on the ground that the said defendant is a citizen of the state of Delaware. In 'support of this exception, the defendant contends that by the provisions of section 5, supra, recovery is authorized as of debt in the courts of the United States; that by the provisions of section 51 of the Judicial Code "no person shall be arrested in one district for trial in another, in any civil action before a District Court," except as in the section provided, and that the defendant does not come within any of the exceptions. The plaintiff contends that this is a special proceeding under a special act, and that the provisions for general procedure have no application, and has cited the court to Van Patten v. C., M. & St. P. Ry. Co. (C. C.) 74 Fed. 981, Keasbey & Mattison Co. Petitioner, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, and U. S. v. Standard Oil Company of New Jersey (C. C.) 152 Fed. 290.

It is apparent that these cases have no application. U. S. v. Standard Oil Co., supra, is a proceeding under the Trade and Commerce against Unlawful Restraint and Conspiracies Act, by which it is provided, in section 5, that a court may cause to be summoned necessary parties 'and make them parties to the proceeding, "whether they reside in the district in which the court is held or not." The Van Patton Case, supra, is a proceeding under the Interstate Commerce Act, which act does not fix jurisdiction, and the jurisdiction necessarily was' left to the general statute regulating the place of bringing suits in the courts of the United States. The act of 1875 then controlled, which provided that no civil suit should be brought against any person by original process "in any other district than that whereof the defendant is an inhabitant, and in which he may be found at the time of serving process. In re Keasbey & Mattison, supra, was an action under the Trade-Mark Act, in which the jurisdiction, likewise, was left open, and the court ascertained the jurisdiction from the acts regulating the jurisdiction of courts of the United States. The act of 1875 provided the procedure, which provided:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district other than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding." Act March 3, 1875, c. 137, 18 Stat. 470.

The court's attention is also called to section 732 of the Revised Statutes (3 Fed. Stat. Annot. page 94), which provides:

"All pecuniary penalties and forfeitures may be sued for and recovered either in the district where they accrue or in the district where the offender is found."

I think that this provision of the statute will dispose of the contention. The penalty, if any, accrued in Seattle, this district, where the place of business of the defendant corporation is, and it would manifestly appear as though this section was enacted to cover just such a case.

The objection to the court's jurisdiction is therefore denied.