**FRUIT INDUSTRIES, Limited, v. METRO GLASS BOTTLE CO. et al.**

District Court, D. New Jersey.

March 5, 1937.

assigned his interest in the invention and all letters patent of the United States of America for said invention to the plaintiff, Fruit Industries, Ltd., an agricultural co-operative organization existing pursuant to the laws of the State of California, which assignment was duly filed. On July 16, 1935, design letters patent of the United States No. 96,235 was issued and delivered to the plaintiff.

Plaintiff alleges that it is in the business of producing and distributing wine and other products, and in order to build up good will for the sale of the same expended large sums of money in obtaining this design patent for its containers. It featured the same in advertising and display of its finest wine products.

The specifications in the patent do not describe the design in detail, but refer to the same as "shown and described" in the accompanying drawing, a copy of which is annexed hereto:

July 16, 1935.    E W FUERST    Des. 96,235
BOTTLE
Filed May 20, 1935

Thorn Lord, of Trenton, N. J., for plaintiff.

Katzenbach, Gildea & Rudner, of Trenton, N. J. (Cooper, Kerr & Dunham [by Thomas J. Byrne and Allan C. Bakewell], of New York City, of counsel), for defendants Pierre Bonard, Inc., John Aquino Sons, Inc., K. Arakelian, Inc., and Metro Glass Bottle Co.

FORMAN, District Judge.

On May 17, 1935, Edwin W. Fuerst declared his invention of an ornamental design for a bottle, and on the same day

It is to be observed that in shape the bottle resembles the familiar type of demijohn, uncovered by wicker ware, except that the latter is cylindrical with a perfect circular bottom, while this bottle is eliptical and as its sides approach the bottom the

circumference becomes slightly smaller than the bulge near the top. The surface of the bottle is covered with a lozenge or diamond shaped design in series around its circumference from top to bottom except for a large blank or window on one side and a smaller smooth area on the other side, evidently provided for the purpose of affixing labels.

The bill of complaint names fifteen defendants and charges infringement of the design patent as the first, and unfair competition as the second, cause of action. Only four of the defendants have been served in this district. Of these Pierre Bonard, Inc., and John Aquino Sons, Inc., are New York corporations. The third is K. Arakelian, Inc., a California corporation. The fourth, Metro Glass Bottle Company, is a New Jersey corporation.

Among other things, plaintiff prays for a permanent injunction restraining the defendants from making, selling, or using, or causing to be made, sold, or used, products embodying the alleged invention covered by this design patent, an accounting, and damages. It moves for a preliminary injunction pending the litigation in the same tenor and effect as prayed for in respect to the permanent injunction.

The defendants Pierre Bonard, Inc., John Aquino Sons, Inc., and K. Arakelian, Inc., appeared specially and moved to quash the purported service of subpoenas as to each of them. The Metro Glass Bottle Company resists the granting of a preliminary injunction and moves to dismiss the bill of complaint.

Affidavits were filed, exhibits produced in court, and argument has been heard.

As to the Motion of Pierre Bonard, Inc.,
John Aquino Sons, Inc., and
K. Arakelian, Inc.

In the case of the defendant Pierre Bonard, Inc., there is the affidavit of Henry W. Gerard, its president, to the effect that it is a corporation of the State of New York with its principal and only place of business at 601 West Twenty-Sixth street, New York City. It is engaged in the bottling and sale of wine and employs salesmen. Orders solicited by them are subject to acceptance or rejection at the New York City offices. Payments for sales are received at this office and obligations of the company are paid there. This defendant has registered as a foreign corporation to do business under the New Jersey Corporation Law and nominated H. Harry Lippee of Newark, N. J., as its registered agent.

John Aquino Sons, Inc., is likewise a New York corporation, having its principal and only place of business at 389 Broome street, New York. It has similarly-registered under the New Jersey Corporation Act and nominated Joseph Mango, a lawyer of East Orange, N. J., as its registered agent here.

K. Arakelian, Inc., is a California corporation with its principal place of business at Madera, Cal. It also has a place of business at 601 West Twenty-Sixth street, New York City, and bottles and sells wine from both places. Likewise, it is registered to do business in New Jersey and names as its registered agent Fiorentino Frank Sivo of Fairview, N. J.

Service of a subpoena on each of these defendants was made by delivering copies to the New Jersey registered agents above named. In each case the said agent is a nominal representative used to satisfy the requirement of the New Jersey Corporation Law and in no case does any of the said defendants operate a place of business in the State of New Jersey.

Section 48 of the Judicial Code (28 U. S.C.A. § 109) is as follows: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

Under the provisions of this statute the plaintiff is required to establish, (1) that the defendant has a regular and established place of business within the jurisdiction, and (2) that it has committed an act of alleged infringement within the same jurisdiction.

Plaintiff contends that by reason of the fact that the defendants are qualified to

do business in New Jersey and have nominated registered agents for the acceptance of processes within the state, under section 97 of the General Corporation Act of New Jersey (2 Comp.St.N.J.1910, p. 1657, § 97) they come within section 48 of the Judicial Code (supra). In so far as its provisions concerning "regular and established place of business" are concerned, the plaintiff also calls attention to the provisions of the New Jersey statute concerning alcoholic beverages, as follows: "Alcoholic beverages" (P.L.1933, p. 1180, as amended by P.L.1935, p. 787 [N.J.St.Annuals 1934, 1935, § 100—312 et seq.]), and particularly to section 1 (v) (P.L.1935, p. 790 [N.J.St.Annual 1935, § 100—312(v.)]), which defines a "sale" as follows: "Every delivery of an alcoholic beverage otherwise than by purely gratuitous title, including deliveries from without this State and deliveries by any person without this State intended for shipment by carrier or otherwise into this State and brought within this State, or the solicitation or acceptance of an order for an alcoholic beverage, and including exchange, barter, traffic in, keeping and exposing for sale, serving with meals, delivering for value, peddling, possessing with intent to sell, and the gratuitous delivery or gift of any alcoholic beverage by any licensee."

Plaintiff intimates that the defendants are so licensed. The trend of the decisions, however, is not in accord with plaintiff's suggestion. The requirement of the statute is that a regular and established place of business must be conducted in the district in order that jurisdiction may attach. This clearly means the place where the defendant actually conducts his traffic and actually functions as a business concern. The mere solicitation of orders through an employee does not warrant the inference that business is being conducted from a regular and established place of business. General Electric Co. v. Best Electric Company (D.C.) 220 F. 347; Zimmers v. Dodge Brothers (D.C.) 21 F. (2d) 152. No case has been called to the attention of the court involving service upon the nominal statutory agent of a foreign corporation as being sufficient to meet the requirement of the law. In fact, the only reference to such an official is contained in the opinion of the First Circuit Court of Appeals in the case of Frink Company v. Erikson, 20 F.(2d) 707, at pages 710, 711:

"It has been said that the manifest injustice which would ensue if a foreign corporation, permitted by a state to do business therein and to bring suits in its courts, could not be sued in those courts, and thus, while allowed the benefits, be exempt from the burdens, of the laws of the state, has induced many states to provide by statute that a foreign corporation making contracts within a state shall appoint an agent residing therein upon whom process may be served in actions upon such contracts. * * *

"Jurisdiction of the federal courts is not created by and does not depend upon the statutes of the several states (Barrow Steamship Co. v. Kane, 170 U.S. 100, 111, 18 S.Ct. 526, 42 L.Ed. 964) ; the question is federal in its character, and cannot conclusively be controlled by any state statute purporting to determine what shall constitute presence or doing business in the state. While it is conceded that, if a corporation is within a district or state doing business, service upon its agents in compliance with a state law will generally be sufficient in the federal court (In re Schollenberger, 96 U.S. 369, 24 L.Ed. 853; Walsh v. Atlantic Coast Line Railroad Co. (D.C.) 256 F. 47), no state can by legislation determine what shall constitute presence of a foreign corporation with respect to matters not within the jurisdiction of the state or its courts. State courts have no jurisdiction over the subject-matter in the present action."

The mere compliance with the requirements of the New Jersey statutes with regard to license or appointment of statutory agents is not sufficient to bring the defendants within section 48 of the Judicial Code as having regular and established places of business in New Jersey. It is easy to conceive that a foreign corporation might fulfill these New Jersey requirements without thereafter accomplishing a single business act. These three defendants had no regular and established place of business in the district of New Jersey within the meaning of the federal statute so as to entitle plaintiff to sue them under the patent law.

The defendants likewise claim that service of subpœna upon them must be quashed on the unfair competition count contained in the bill of complaint.

Section 51 of the Judicial Code (28 U. S.C.A. § 112) provides: " * * * except as provided in the six succeeding sec-

tions [sections 113 to 118 of this title], no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

Defendants claim that their appointment of statutory agents in New Jersey does not make them amenable to the jurisdiction of this court for unfair competition in trade, in view of the above statutory provision. This question was considered in the case of Thomas Kerfoot & Co. v. United Drug Company (D.C.) 38 F. (2d) 671, wherein the court said: "But a corporation, by doing business or appointing an agent to receive process in a district other than that in which it is created, does not waive its right, if seasonably availed of, to immunity from suit in such other district. In re Keasbey & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402. Within the meaning of the jurisdictional statutes, a corporation remains a resident and inhabitant of the state of its creation only, notwithstanding it is engaged in business in another state and has designated an agent resident in such other state upon whom process may be there served. Seaboard Rice Milling Co. v. Chicago, etc., Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U. S. 501, 30 S.Ct. 184, 54 L.Ed. 300."

Under these circumstances it appears that this court is without jurisdiction over these three defendants on the unfair competition count as well as the infringement count contained in the bill of complaint, and the purported service of subpœnas upon them will be quashed.

As to the Defense of Metro Glass Bottle
Company to Plaintiff's Motion for
a Preliminary Injunction and its
Motion to Dismiss the Bill
of Complaint.

We now come to consider the fourth defendant, Metro Glass Bottle Company, a glass manufacturing company incorporated under the laws of the State of New Jersey. This defendant resists plaintiff's motion for a preliminary injunction on the grounds: (1) That defendant's glass container does not infringe upon the design patent in suit, and (2) that the design patent in suit is invalid. It also moves to dismiss the bill of complaint on several technical grounds of misjoinder, redundancy in pleading, and so forth.

The shape and surface ornamentation of plaintiff's bottle have been described heretofore. The defendants admit the manufacture of a bottle similar in shape to the container manufactured by the plaintiff. The neck of the plaintiff's bottle differs from that of the defendant's in that it is approximately one-half inch longer from the ring collar at its base, evidently providing for a deeper metal cap than that used by the defendant. This gives plaintiff's bottle the appearance of being taller and perhaps more slender than defendant's bottle, but, generally speaking, the body of both bottles is almost identical in shape.

The ornamentation on the surface of defendant's bottle differs to a very considerable extent from that upon the plaintiff's bottle. Defendant's design is an obvious attempt to represent in the glass surface the conventional weave of willow ware covering demijohns. Strands, about uniform in width, are arranged in pairs circularly around the bottle from the neck to its bottom. The circular strands are interrupted by single cross strands extending vertically from the neck of the bottle to its bottom. The cross strands are arranged so as to appear over and under the circular strands successively on one side of defendant's bottle. This ornamentation is interrupted to give way to a plain surface or panel, obviously to facilitate the affixing of a label. The surface ornamentation of defendant's bottle is entirely different from the lozenge or diamond shaped figure which is the motif of the design on the plaintiff's bottle. It may very well be that plaintiff's design was also made to imitate a straw or wickerware demijohn but defendant has, in the employment of a different figure as the motif of the design, definitely distinguished its container from that of the plaintiff. The defendant's bottle is characterized by a plain panel on one of its sides, whereas plaintiff's bottle has two such panels, a large one on one side and a smaller one on its other side.

Now, the defendant simply manufactures glass bottles and containers and sells them as glassware. It is not in a competitive business with the plaintiff, which bottles and sells wines. It is conceivable that customers of the defendant might purchase its containers and by the affixation

494

of labels, copied from those used by the plaintiff induce a deception upon the part of purchasers of wine or wine products; but there is nothing to indicate, even by way of allegation in this suit, that this defendant is, itself, engaged in such a practice.

But if this is conceivable it is also possible that this defendant, Metro Glass Bottle Company, might dispose of these containers to a customer who would use them for a content in no way in the line of the plaintiff, as for instance maple syrup, vinegar, or a large number of other liquid commodities.

Comparison of both plaintiff's and defendant's containers undecorated by labels leaves no room for doubt but that the defendant's design differs entirely from that of plaintiff's bottle and that only an extremely unobservant person would confuse one with the other. Under the circumstances of 'this suit, the defendant Metro Glass Bottle Company cannot be held to have infringed plaintiff's design patent and by the same logic cannot be guilty of unfair competition in trade as against the plaintiff.

The record in this case seems to lack a distinct motion to dismiss the bill of complaint for want of proof of infringement. The motion to dismiss is grounded on other technical reasons. However, the lack of infringement was advanced as a defense to the motion for preliminary injunction. The case has been fully argued and there is in evidence the patent as well as a specimen of the alleged infringing container. Any layman is capable of a decision as to whether the defendant's container is an infringement of the plaintiff's bottle. Under such circumstances it seems proper, expedient, and economical to bring the issue to a final determination and dismiss the complaint against the defendant Metro Glass Bottle Company for 'lack of proof of infringement. Mallinson et al. v. Ryan (D.C.) 242 F. 951.

For the above reasons, motions of the defendants Pierre Bonard, Inc., John Aquino Sons, Inc., and K. Arakelian, Inc., to quash the purported service of subpoena as to each of them will be granted. The motion of the plaintiff for a preliminary injunction against them and the Metro Glass Bottle Company must be denied, and the bill of complaint against the Metro Glass Bottle Company will be dismissed.