## LINTON v. CANTRELL et al.

### No. 39.

District Court, E. D. Tennessee, S. D.

June 4, 1940.

John S. Wrinkle, of Chattanooga, Tenn., for plaintiff.

Reul R. Webb, of Etowah, Tenn., for defendants.

DARR, District Judge.

The decision in this case has been delayed by the court's awaiting the filing of briefs. Time having expired for the filing of the briefs, the court decides the case upon the record.

Jurisdiction is sought by reason of diversity of citizenship. The complaint alleges that the plaintiff is a nonresident of Tennessee and that the defendants are residents.

The question is upon motion to dismiss on the ground that the plaintiff was a resident of Tennessee upon the bringing of the suit and that the jurisdictional requirements of diversity of citizenship is wanting. Proof was heard on the motion.

There is no dispute in the evidence and the question is to be determined upon the facts as submitted.

The plaintiff was a dining car steward. He had lived at Etowah, Tennessee, for several years and had a "run" from Etowah to Jacksonville, Florida.

On the 1st of April 1939 his "run" was changed to be from Cincinnati, Ohio, to Macon, Georgia. The plaintiff personally arranged to stay in Cincinnati, but left his family under the same circumstances in Etowah, Tennessee, until about September 9, 1939.

He intended to move his family adjacent to Cincinnati at the time he left, but actually the move was not made until September.

It has been held that the word "citizen" as used in the Judicial Code is synonymous with "inhabitant" and "resident." Shaw v. Quincy Mining Co., 145 U.S. 444, 447, 12 S.Ct. 935, 36 L.Ed. 768; In re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Standard Stoker Co., Inc., v. Lower, D.C., 46 F.2d 678.

It would seem from the facts detailed that the plaintiff maintained his home and family at Etowah, Tennessee, up until September 9, and that he was a resident and citizen of Tennessee up until the date of the moving of his family.

He was only temporarily situated in Cincinnati in a rooming house and was arranging a home in Kentucky for his family. His citizenship and his residence was where his family was.

Mere mental fixing of a residence or citizenship is not sufficient.

For the reasons stated, the court is of the opinion that plaintiff was a resident of Tennessee when this suit was brought and that there is no jurisdiction in this court.

Order dismissing suit.