## MOSS v. ATLANTIC COAST LINE R. CO.

### No. 326.

Circuit Court of Appeals, Second Circuit.

May 28, 1945.

Albert Blumenstiel and Jacobs & Blumenstiel, all of New York City, for appellant.

James J. Mennis and Stewart & Schearer, all of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiff, a citizen of Pennsylvania, was injured in a railway accident in North Carolina, while a passenger on the defendant's train. The defendant is a Virginia corporation, having its principal place of business in North Carolina, but also maintaining a place of business in the City of New York. It has never filed any consent to be sued in New York, but we will assume for argument that it does enough business in New York to require it to file the consent required by § 210(1) of the General Corporation Law of that state, Consol.Laws, c. 23—a consent which subjects it to service upon all claims wherever arising. § 225(4) of the General Corporation Law. Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 111 N. E. 1075, L.R.A.1916F, 407, Ann.Cas. 1918A, 389. The defendant moved to dismiss the complaint on the ground that the district court had no jurisdiction over the claim under § 112 of Title 28 U.S.C.A. because the defendant was not a "resident" of New York. The judge so held and the appeal presents the single question whether the venue was proper.

In Neirbo v. Bethlehem Shipbuilding Corporation, Inc., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, the Supreme Court held, that, when a foreign corporation had in another state given a consent to be sued, it became a "resident" within § 112. The question here is whether if the corporation does enough business within the state to require it under the local law to file such a consent, but does not

file one, it is as much a "resident" as though it had actually complied with the law. It is, so far as we can find, still an open question whether, if the state law requires consent to service in actions upon claims arising outside its borders, from a foreign corporation doing business within it, and the corporation does business without filing the consent, it subjects itself to personal service upon claims arising outside, as it would have subjected itself, had it complied with the local statute; or whether in that case the corporation may be served only in actions upon claims arising within the state. Louisville & Nashville R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711, did not decide the point, for the court held that the claim arose within the state where the consent had been filed—a consent which, it was assumed, was limited to claims arising within the state. Thus, so far as we can see, it might still be held that in a state like New York, which exacts a submission to personal service in suits upon every kind of claim, a corporation which should, but does not, file such a consent, may be subject to personal service in actions upon claims arising outside the state; and, if that be true, it could be argued here, that, for purposes of venue, such a corporation should also be held to be a "resident" of the state.

We think ourselves spared from entering into this speculation, because of what was said in Neirbo v. Bethlehem Shipbuilding Corporation, Inc., supra (308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437). We should have been in more doubt, had not the opinion dealt with earlier decisions of the court which had held that a foreign corporation doing business outside the state of its incorporation without filing a consent, was not a "resident." Particularly, in Re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402, the court had to deal with a question of venue, depending upon the "residence" of a foreign corporation in the Southern District of New York where the suit was brought. The corporation had been doing business in the state, but had not filed any consent to be sued, although in 1895, when the suit was brought, there was a statute in New York requiring foreign corporations doing business in New York to file such consents. Sections 15 and 16, Chapter 687 of the Laws of 1892,

General Corporation Law. Although Ex parte Schollenberger, 96 U.S. 369, 24 L. Ed. 853, was already nearly twenty years old, the court did not extend the doctrine there announced in support of the venue; but declared that the action would not lie. Even so, we might have written down the decision to the fact that it had not yet become fully understood that a corporation, which did not file a consent required of it, should be treated for purposes of personal service as though it had; but the majority in Neirbo v. Bethlehem Shipbuilding Corporation, Inc., supra, did not so dispose of In re Keasbey & Mattison Co., supra (160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402). On the contrary it said at pages 173, 174, note 15 of 308 U.S., at page 157 of 60 S.Ct., 84 L.Ed. 167, 128 A.L.R. 1437: "The decisive difference between the present case and In re Keasbey & Mattison Co., supra, is that in the latter case the designation under state law which is the basis of consent had in fact not been made. But the requirement of 'residence' in the Act of 1887 is as much satisfied by a consent to be sued as was the requirement 'to be found' in the 1875 Act satisfied by such a consent." This seems to us to leave no doubt that only an actual consent of the foreign corporation makes it a "resident" of the district, and that even such doing of business as is in violation of a statute which requires consent, is not a substitute; and so Roberts, J., writing for the dissent seems to have understood the majority (308 U.S. 178, 60 S.Ct. 159, 84 L.Ed. 167, 128 A.L.R. 1437). If it be asked why there should be a difference in this regard between venue and jurisdiction over the person, the answer would appear to be that, when the action is within the statutory jurisdiction of a federal court, the conditions which subject the corporation to personal service, may reasonably be taken to be the same as those which would subject it to service in an action in the state court. The same considerations need not apply to the determination of the venue of the federal court; indeed there is no inherent reason why the fact that a foreign corporation has disobeyed a state statute should give another non-resident access to one; not so, perhaps, if the corporation has, so to say, deliberately domesticated itself. Be that as it may, in the light of what was said, we do not see how we can do otherwise than affirm the judgment.

Judgment affirmed.