### DONAHUE et al .v. M. A. HENRY CO., Inc., et al.

District Court, S. D. New York.
April 19, 1948.

Theodore D. Rothenberg, of Brooklyn, N. Y., for plaintiffs.

Galli & Locker, of New York City (William C. Olsen, of New York City, of counsel), for defendant Woonsocket Falls Mills, Inc.

LEIBELL District Judge.

This is an action in tort against several defendants to recover damages for injuries sustained by the infant plaintiff, caused by the combustion and burning of a cowboy suit for children, manufactured, sold and distributed by the defendants. On April 13, 1948, one of the defendants, Woonsocket Falls Mills, Inc., moved this Court for an order vacating and setting aside the service of the summons and complaint in this action on the ground that it was a foreign corporation, not registered to do business in New York State, and not doing business in New York, so as to make it amenable to the service of process in this state. On the argument and in its brief defendant (Woonsocket Falls Mills, Inc.) stresses the contention that the Southern District of New York is not the proper venue for this action.

■ The determination of whether a corporation is doing business within another state, so as to subject itself to the jurisdiction of that forum, depends upon the particular facts of each case. Hutchinson v. Chase & Gilbert, 2 Cir., 1930, 45 F. 2d 139; Chaplin v. Selznick, 293 N.Y. 529, 58 N.E.2d 719. The papers submitted on this motion are not completely dispositive of the issue of whether or not the defendant, Woonsocket Falls Mills, Inc., is doing business in the State of New York. It probably would require the taking of additional testimony to determine that issue and reference thereof to a Special Master would be the proper course. However, it appears from the papers and from the argument of counsel that a serious question of venue is presented which requires the dismissal of the complaint on the grounds of improper venue.

The plaintiff is a citizen of the State of New Jersey and the defendant, Woonsocket Falls Mills, Inc., is a corporation organized under the laws of the State of Rhode Island, where its textile mill is located. Jurisdiction of the action is based upon diversity of citizenship. The defendant, Woonsocket Falls Mills, Inc., has not filed a certificate of authority to do business in New York State nor has it designated an agent in New York upon whom service of process may be made pursuant to Section 210 of the New York General Corporation Law, Consol.Laws,. c. 23, which provides:

"A foreign corporation, other than a moneyed corporation, shall not do business in this state without having first obtained from the secretary of state a certificate of authority."

The penalties for failure to comply with § 210 are found in §§ 218 and 219. Section 218 states that contracts of an unauthorized foreign corporation, made by it in this state, shall be unenforceable by any action in this state; and § 219 authorizes the attorney-general to bring an action for an injunction restraining the unauthorized foreign corporation from doing any unauthorized business.

It appears from an affidavit of the attorney for the plaintiff submitted in opposition to the motion that E. F. Timme & Son, a partnership doing business in New York, is an agent of the defendant, Woonsocket Falls Mills, Inc., that the defendant maintains an office in New York City for which it shares the cost with said agent, and that it provides an office for one of the officers of the corporation at the same New York address. For the purposes of this motion it will be assumed that the defendant, Woonsocket Falls Mills, Inc., is "doing business" in New York State.

The plaintiffs assert that if the defendant is doing business in New York City then it is an inhabitant within the Southern District of New York within the purview of the general venue statute, Section 51 of the Judicial Code, 28 U.S.C.A. § 112, which provides in part:

"* * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In Moss v. Atlantic Coast Line R. Co., 2 Cir., 1945, 149 F.2d 701, certiorari denied 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286, where an action was brought in the Southern District of New York against a Virginia corporation by a non-resident of New York, the court held, that although it might be assumed that the Virginia corporation was doing enough business in New York to require it to file a consent and designation under Section 210 of the New York General Corporation Law, since it had not actually filed such consent it did not waive the provisions of the venue statute, Sec. 51 of the Judicial Code, 28 U.S.C.A. § 112. The Court said, 149 F.2d at page 702:

"* * * in Re Keasbey & Mattison Co., 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402, the court had to deal with a question of venue, depending upon the 'residence' of a foreign corporation in the Southern District of New York where the suit was brought. The corporation had been doing business in the state, but had not filed any consent to be sued, although in 1895, when the suit was brought, there was a statute in New York requiring foreign corporations doing business in New York to file such consents. Sections 15 and 16, Chapter 687 of the Laws of 1892, General Corporation Law. Although Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, was already nearly twenty years old, the court did not extend the doctrine there announced in support of the venue; but declared that the action would not lie. Even so, we might have written down the decision to the fact that it had not yet become fully understood that a corporation, which did not file a consent required of it, should be treated for purposes of personal service as though it had; but the majority in Neirbo v. Bethlehem Shipbuilding Corporation, Inc., supra, [308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437], did not so dispose of In re Keasbey & Mattison Co., supra (160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402). On the contrary it said at pages 173, 174, Note 15 of 308 U.S., at page 157 of 60 S.Ct., 84 L.Ed. 167, 128 A.L.R. 1437: 'The decisive difference between the present case and In re Keasbey & Mattison Co., supra, is that in the latter case the designation under state law which is the basis of consent had in fact not been made * * *.' This seems to us to leave no doubt that only an actual consent of the foreign corporation makes it a 'resident' of the district, and that even such doing of business as is in violation of a statute which requires consent, is not a substitute."

The defendant, Woonsocket Falls Mills, Inc., organized under the laws of the State of Rhode Island, is a citizen and resident of that state only. Mississippi Pub. Co. v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. It did not waive its venue privilege by filing any formal consent so as to come within the doctrine of the Neirbo case; nor has it waived its privilege by actually doing business in New York State. New York General Corporation Law §§ 210, 218 and 219; Moss v. Atlantic Coast Line R. Co., supra; Knobloch v. M. W. Kellogg Co., 5 Cir., 1946, 154 F.2d 45.

Knott Corporation v. Furman, 4 Cir., 1947, 163 F.2d 199, certiorari denied 332 U.S. 809, 68 S.Ct. 111, is not to the contrary. A Virginia statute was involved in that case and provided:

"3. If any such company shall do business in this State without having appointed the Secretary of the Commonwealth its true and lawful attorney as required herein, it shall by doing such business in the State of Virginia be deemed to have thereby appointed the Secretary of the Commonwealth its true and lawful attorney for the purposes hereinafter set forth." Code Supp.Va.1946, § 3846a.

There is no similar provision in the New York General Corporation Law.

Judge Clancy of this Court had this same question of venue before him in respect to this same defendant, Woonsocket Falls Mills, Inc.,[1] in three cases. He held that the venue requirements of 28 U.S.C.A. § 112 had not been met and he granted motions to dismiss the action as against Woonsocket Falls Mills, Inc.

The motion of the defendant, Woonsocket Falls Mills, Inc., is therefore granted and the complaint dismissed as to that defendant for lack of proper venue.

---

[1] No opinion for publication.