Henry KAUFMAN and Evelyn Kaufman, Plaintiffs,

v.

GENERAL INSURANCE COMPANY OF AMERICA, a corporation, Defendant.

Civ. No. 815–60 T.

United States District Court
S. D. California,
Central Division.

March 20, 1961.

---

1. 8 Collier on Bankruptcy (14th ed.) p. 581.

2. In re Latham Lithographing Corporation, 2 Cir., 1939, 107 F.2d 749, 750.

George E. Danielson, Los Angeles, Cal., for plaintiffs.

Bolton, Groff & Dunne, by Gene E. Groff, Los Angeles, Cal., for defendant.

TOLIN, District Judge.

This is an action by an insured to recover on an insurance policy for alleged theft of certain personal property in the amount of $78,424.70.

Originally filed in the Superior Court of the State of California, the case was removed to this Court by a petition which alleged subject matter jurisdiction on the grounds that plaintiffs and defendant are of diverse citizenship and that the amount in controversy exceeds $10,000.-00. 28 U.S.C. § 1332, as amended 72 Stat. 415 (1958).

Although an answer has been filed, and the case is at issue, plaintiffs now challenge the subject matter jurisdiction of this Court and move to remand the case to the State Court on the ground that there is no diversity of citizenship between the parties. While this motion is somewhat belated, six months having elapsed between the petition for removal and the motion to remand, nevertheless the parties may properly challenge the jurisdiction of the Court at any time prior to judgment. Fed.R.Civ.P. 12(h)(2), 28 U.S.C.A. Moreover, the Court has *sua sponte* power to remand a removed case whenever it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

The pertinent facts are not in dispute. Plaintiffs are citizens of California. Defendant, General Insurance Company of America, is incorporated under the laws of the State of Washington and has its principal place of business in Seattle. Defendant is also qualified, licensed to engage in, and engaging in the general insurance business in the State of California with offices in Los Angeles County.

On these facts plaintiffs make two contentions in support of their motion to remand: (1) That since a foreign corporation must, in order to do business in California, comply with the same requirements as a domestic corporation [see Cal.Corp.Code § 6400 et seq.], the foreign corporation should be deemed a California corporation for purposes of diversity of citizenship; and (2) That under a "proper" construction of 28 U.S.C. § 1332, as amended 72 Stat. 415 (1958), a corporation is deemed a citizen of any state wherein it has "a" principal place of business.

1. Plaintiffs' First Contention

This argument is entirely lacking merit. The purpose of the California requirements for qualification of foreign corporations to do business within the state is to protect local citizens and local business from any unfair practices and to insure business responsibility by set-

ting a uniform standard for doing business.

These requirements have nothing to do with diversity of citizenship jurisdiction, which exists essentially as a protection to the out-of-state litigant against local and provincial prejudices. To follow plaintiffs' contention would be to reverse the very purpose and policy of diversity jurisdiction by practically eliminating it from the Federal Courts. In addition to this basic contradiction of a Federal policy, considering the defendant as a "California corporation" for these purposes carries a legal fiction to absurd lengths.

## 2. Plaintiffs' Second Contention

This second argument is based upon a construction of the statute which confers jurisdiction upon this Court when there is diversity of citizenship between the parties, and more especially to one of the 1958 changes to that statute, which limited Federal jurisdiction when corporations are parties. The question is just how much this change attenuated the subject matter jurisdiction of this Court.

Prior to the 1958 changes, 28 U.S.C. § 1332(a) merely provided *inter alia* that there was original jurisdiction in the district courts in suits between "[c]itizens of different States". The statute did not mention corporations specifically. However, under the Federal judicial decisions corporations were deemed to be included within the term "citizens" for purposes of diversity of citizenship [see e. g., Barrow S.S. Co. v. Kane, 1898, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964] and were citizens of the State of incorporation *only* [see e. g., St. Louis & S. F. Ry. v. James, 1896, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802; In re Keasbey & Mattison Co., 1895, 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402.] For a general history of diversity jurisdiction see 1 Moore's Federal Practice, Par. 0.60 [8.—4] at 635–645 (2d ed. 1960).

As amended by the 1958 changes, 28 U.S.C. § 1332(c) now provides:

"For the purposes of this section * * *, a corporation shall be deemed a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*" (Emphasis added.)

Plaintiffs contend that this provision means that a corporation may be deemed a citizen of any state in which it has "a" principal place of business. Hence, the argument goes, for purposes of determining diversity of citizenship, any given corporation must be deemed a citizen of all of the states in which it has a principal place of business (or, in effect, any state in which it is licensed to do business or is doing business), and thus the diversity jurisdiction of this Court has been greatly reduced by the amendments to § 1332 of Title 28 of the United States Code.

This argument, of the two grounds for remand urged by plaintiffs, is clearly nearer to being a substantial contention.

Some examination of the question is required because sporadic remands have been made [1] upon the acceptance of this theory, and the fact that this has occurred is now urged upon the Court as establishing the validity of the theory.

■ Turning first to the text of the statute itself, the plain language indicates that, at most, a corporation may be deemed a citizen of *two* states: one, the state in which it is incorporated; and two, the state wherein it has its principal place of business, if that state is different from the state of incorporation. The use of the terms "State" and "its" in the amended Act—both terms used in the singular—indicates that one principal place of business was intended. Moreover, it should be noted that the statute specifies "principal *place* of business". If more than one place were contemplated, would not "places" have been used?

---

1. Insofar as the Court can discover, without opinion.

Furthermore, the adjective "principal" has been defined as follows: "Highest in rank, authority, or importance; chief; directing; head * * *." [Webster, New International Dictionary, at 1966 (2d ed. unabridged 1956).] The same source notes that the word was used *"formerly* also in comparative and superlative degrees". [Ibid.] (Emphasis added.)

█ In light of this definition, we need only impute to the legislative draftsmen a working knowledge of current English usage to reach the result suggested above.

Another indication of the meaning of the language under construction is afforded by the contrast in words employed in different parts of the statute. While it is deemed that a corporation is a citizen of "any" state by which it is incorporated, it is provided only a few words later that it is a citizen of "the" state wherein it has its principal place of business. It would appear that if Congress had meant "any" in both places, the statute would have so stated. One of the fundamental principles of legal drafting dictates that different words should be used only where different meanings are intended.

Turning next to the legislative history of the 1958 amendment, the Congressional reports conclusively demonstrate that only one state was intended to be a corporation's principal place of business for purposes of diversity of citizenship.

Reports on the bill were issued by both the House [H.R.Rep. 1706, 85th Cong., 2d Sess. (1958); see H.R. 11102, 85th Cong., 2d Sess. (1958)] and the Senate [S.Rep.1830, 85th Cong., 2d Sess. (1958)]. The statement of legislative intent manifested by the Senate Report clearly indicates the error of plaintiffs' construction.

In its report the Senate Committee on the Judiciary pointed out that the purpose of the bill was to preclude a choice of forums to an essentially local business which, for various reasons, had incorporated out-of-state. After noting the abuses and unfairness of this situation, the Report continued:

"Because of these circumstances, and others, the Judicial Conference of the United States has recommended that the law be amended so that a corporation shall be regarded not only as a citizen of the State of its incorporation but also as a citizen of the State in which it maintains its principal place of business. This will eliminate those corporations doing a local business with a foreign charter *but will not eliminate those corporations which do business over a large number of States, such as* railroads, *insurance companies,* and other corporations whose businesses are not localized in *one* particular State. Even such a corporation, however, would be regarded as a citizen of that one of the States in which was located its principal place of business." [S.Rep.No.1830, 85th Cong., 2d Sess. (1958), as quoted in 2 U.S. Code Cong. & Ad.News, pp. 3099, 3101–3102 (1958).] (Emphasis added.)

It was further explained in the Report that the phrase "principal place of business" was borrowed from the Bankruptcy Act, 11 U.S.C.A. § 11. Noting that the phrase, as applied to proper venue for bankruptcy, had often been construed by the Federal Courts and had acquired a legal meaning, the Report concluded: "There is thus provided sufficient criteria to guide courts in future litigation under this bill." Ibid. And for purposes of the Bankruptcy Act and venue thereunder, "principal place of business" has always meant "prime" and not "large". See discussion and cases cited in Comment, 58 Colum.L.Rev. 1287, 1295–1297 (1958).

Bills which would make corporations citizens of every state in which they conduct business have, in fact, been introduced and were rejected by Congress. [See e. g., H.R.1987, 82nd Cong., 2d Sess. (1951); see also 2 U.S. Code Cong. & Ad. News, supra, at pp. 3111–3112.]

And in 1957 a proposal similar to, if not identical with, the plaintiffs' construction of the current statute—that corporations be deemed citizens of every state in which they do business—was made to the Congress. "The Judicial Conference Committee considered and rejected the suggestion that corporations be deemed citizens of every State in which they are doing business, but did recommend the provision contained in the bill H.R. 4497 that a corporation be deemed a citizen both of the State in which it is created and of the State in which it has its principal place of business." [2 U.S. Code Cong. & Ad. News, supra, at pp. 3111–3112.]

Turning finally to the few reported cases on the question, it appears that all have adopted a view consistent with the discussion thus far and in opposition to the view urged by plaintiffs. Canton v. Angelina Casualty Co., 5 Cir., 1960, 279 F.2d 553, 554; Wear-Ever Aluminum, Inc. v. Sipos, D.C.S.D.N.Y.1960, 184 F. Supp. 364, 365–366; Mattson v. Cuyuna Ore Co., D.C.D.Minn.1960, 180 F.Supp. 743, 744; Washington-East Washington Joint Authority v. Roberts & Schaefer Co., D.C.W.D.Pa.1960, 180 F.Supp. 15, 17; See also, 1 Moore's Federal Practice, supra, Par. 0.60 [8.—4] at 641.

From what has been said, it appears without question that the plain language of the statute, the legislative history, the reported cases, and policy and reason as well, clearly and overwhelmingly refute the plaintiffs' construction of 28 U.S.C. § 1332, as amended 72 Stat. 415 (1958).

Upon the undisputed facts in this case, defendant is a citizen of the State of Washington only, since that is the State in which it is incorporated and the State wherein it has its principal place of business. The fact that defendant does business and is licensed to do business in California, has no bearing upon its citizenship for purposes of establishing diversity of citizenship. Therefore, on the facts here, since plaintiffs and defendant are of diverse citizenship, and the amount in controversy exceeds $10,000, this Court has jurisdiction over the subject matter of this action.

The motion to remand is denied.