**Robert L. CARTER and Joyce J. Carter, dba Pineco Products, Plaintiffs,**

v.

**CLEAR FIR SALES CO., a Division of Fibreboard Corporation, dba Lanewood Products, Defendants.**

Civ. No. 67–487.

United States District Court
D. Oregon.

Dec. 13, 1967.

Gene L. Brown and R. Gene Smith, Grants Pass, Or., for plaintiff.

Thomas E. Brownhill, Riddlesbarger, Pederson, Brownhill & Young, Eugene, Or., for defendant.

## OPINION

KILKENNY, District Judge:

This cause is before the Court on plaintiffs' motion to remand to the Circuit Court of the State of Oregon for the reason that there is not a diversity of citizenship between plaintiffs and defendants. Additionally, that the plaintiffs' claim for relief does not arise under the Constitution, Laws or Treaties of the United States. The latter is of no consequence if plaintiffs' first claim is unfounded.

The action was commenced by plaintiffs in the Oregon Circuit Court against defendant Clear Fir Sales Co., the assumed name of Fibreboard Corporation in the State of Oregon. Lanewood Products is an assumed name of Clear Fir Sales Co. The corporate headquarters and principal place of business of the defendant Fibreboard Corporation is San Francisco. It was incorporated under the laws of the State of Delaware. The assumed name of Clear Fir Sales Co. is registered in the State of Oregon pursuant to the provisions of ORS[1] 648.010, 648.060 and 648.070.

The obvious purpose of the amendment to 28 U.S.C. § 1332(c) in 1958 was to narrow the situations in which a corporation could invoke federal jurisdiction. Canton v. Angelina Casualty Co., 279 F.2d 553 (5th Cir. 1960); 1 Moore on Federal Practice, ¶ 0.60 [8.–4] (2d Ed.1964).

The fact that a corporation may be incorporated in more than one state, under the provisions of § 1332(c), does not mean that a corporation becomes a citizen of every state which requires it to secure a license or to domesticate itself, in order to do business in that state. 1 Moore on Federal Practice, ¶ 0.78 [1.–2] and ¶ 0.161 [3.–2]; Carson Constr. Co. v. Fuller-Webb Constr., 198 F.Supp. 464 (D.Mont.1961); Kaufman v. General Ins. Co. of America, 192 F.Supp. 238 (S.D.Cal.C.D.1961). The business conducted in Oregon by Fibreboard constitutes less than 6% of the total volume of its business. Its manufacturing and sales facilities are located in many of the states, including Oregon, but all such organizations are under the direct control of the corporation's principal place of business in San Francisco. No executive officers, or other corporate officers of the corporation, reside in Oregon.

The main thrust of plaintiffs' argument is that defendants are operating in Oregon under an assumed name which has been registered with the State.

I find no significant distinction between this type of operation and an operation where a corporation applies for and secures permission to do business, as a corporation, in the State of Oregon pursuant to the statutes of that state. Important constitutional questions would arise if ORS 648.060 was construed to require a foreign corporation to surrender its right of removal to federal court, by making application to file an assumed name under the mentioned section. This would, in my opinion, be beyond the power of the Oregon Legislature. Furthermore, I find nothing in the language of the legislation which would indicate an intention to require a foreign corporation to surrender its right of removal to the federal courts, by filing and operating under an assumed trade name. On the record, I find that Clear Fir Sales Co., dba Lanewood Products, is nothing more than the assumed name of Fibreboard Corporation; that the latter is not a citizen of the State of Oregon and does not have its principal place of business in that state.

This opinion shall serve as my findings and conclusions. Plaintiffs' motion to remand is denied. The cause is placed on the call calendar for the third Monday in January, 1968.

---

**1.** Oregon Revised Statutes.