**Benjamin B. UNGER, Plaintiff,**

v.

**DEL E. WEBB CORPORATION, First Doe and Second Doe, Defendants.**

**No. 41819.**

United States District Court
N. D. California, S. D.

June 2, 1964.

Burnstein & Abramovitz, Oakland, Cal., for plaintiff.

Landels, Ripley, Gregory & Diamond, San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

Plaintiff brought this action in the Superior Court of the State of California for money damages in the amount of $250,000. The complaint alleged breach of an oral agreement between plaintiff and defendant corporation.

Defendant, pursuant to 28 U.S.C. § 1441, alleged it is an Arizona Corporation and that its principal place of business is in Arizona, and petitioned for removal of the action to the federal court.

Plaintiff, a citizen of California, has filed two motions, both of which are now pending before the Court. The first motion is a motion to compel defendant's answer to interrogatories which were propounded for the purpose of discovering defendant's principal place of business. The second motion is a motion to remand the action to the California court. Plaintiff asked that the answers to the interrogatories be given before the motion to remand be considered.

After hearings in court, the parties agreed upon the answers to interrogatories. Partial answers have been filed. The parties agree there are sufficient facts before the Court to decide the motion to remand, which is, therefore, the only motion for the Court's decision.

Plaintiff's challenge is to diversity of citizenship. Plaintiff argues that California is defendant's principal place of business, or is at least one of several of defendant's principal places of business.

The motion to remand must be denied for the reasons which follow.

Diversity jurisdiction of a United States District Court is found in 28 U.S.C. § 1332.[1] The most recent Congressional amendment to section 1332 was added by P.L. 85–554, 72 Stat. 415, 85th Cong., 2d Sess., 1958, which, *inter alia,* added subsection (c):

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The plain meaning of the language of subsection (c) points to the interpretation that a corporation has but a single principal place of business. The expression *"the* State where it has its principal *place* of business" is singular and the phrase, when placed in context, is capable of only one interpretation. A corporation is a citizen of two states if the state in which its principal place of business is different from the state in which it was incorporated.

The legislative history of subsection (c) indicates that The Congress contemplated but one principal place of business, even for a corporation with a complex structure and doing business in numerous states. Senate Report No. 1830, to accompany H.R.11102, 85th Cong., 2d Sess., 1958 U.S.C.Cong. & Adm.News 3099. At page 3102, the report recognized the existing rule that a corporation is deemed a citizen of the state in which it is incorporated, and that this fiction gives an out-of-state corporation diversity of citizenship even though engaged in a purely local business, and said:

"Because of these circumstances, and others, the Judicial Conference of the United States has recommended that the law be amended so that a corporation shall be regarded not only as a citizen of the State of its incorporation but also as a citizen of the State in which it maintains its principal place of business. This will eliminate those corporations doing a local business with a foreign charter but will not eliminate those corporations which do business over a large number of States, such as the railroads, insurance companies, and

[1] "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
"(1) citizens of different States;
* * *."

other corporations whose businesses are not localized in one particular State. *Even such a corporation, however, would be regarded as a citizen of that one of the States in which was located its principal place of business.*" (Emphasis added.)

The plaintiff in Kaufman v. General Insurance Co. (DC SD Cal., 1961), 192 F.Supp. 238, 242, raised on a motion to remand the identical construction of subsection (c) that Unger raises in this case, namely, that a corporation can have more than one principal place of business. In refuting this argument the court said:

"* * * [I]t appears without question that the plain language of the statute, the legislative history, the reported cases, and policy and reason as well, clearly and overwhelmingly refute the plaintiffs' construction of 28 U.S.C. § 1332 * * *."

When the facts, as here, illustrate a corporate organization with substantial activity among several states, the reported cases tend to use one or a combination of several tests to determine the corporation's principal place of business.

In Scot Typewriter Co. v. Underwood Corp. (DC SD NY, 1959), 170 F.Supp. 862, 865, the corporation in question was incorporated in Delaware and had manufacturing plants in Connecticut, New Jersey and California; executives in New York determined policy and gave direction and control over every phase of activities—production, sales, distribution, advertising and public relations. The court held the corporation's principal place of business was New York, and said, at pages 864, 865:

"Where a corporation is engaged in multistate activities, with offices, facilities or plants in various states, the issue of the location of its principal place of business cannot be resolved by fragmentation of its activities at specific places. It is not answered by a separation of corporate activity into component parts. The issue must be resolved on an over-all basis. It is governed by the totality of corporate activity at a given place, which, to borrow a phrase from another area of law, may be said to represent the *'center of gravity'* of corporate function." (Emphasis added.)

And, again at page 865:

"Where a corporation is engaged in far-flung and varied activities which are carried on in different states, its principal place of business is the *nerve center* from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective. * * *" (Emphasis added.)

Kelly v. United States Steel Corp. (CA 3, 1960), 284 F.2d 850, 853, objected to the term "nerve center", and applied a "center of corporate activity" test, when it found "a good many collections of nerve cells serving the common function of making the corporate enterprise go."

Gilardi v. Atchison, Topeka and Santa Fe Railway Co. (DC ND Ill., 1960), 189 F.Supp. 82, 86, stressed that an analysis of the "totality of corporate activity" was to be used.

The above tests appear to be articulations of substantially the same concept no matter what label the court used in a particular instance. Each case pointed out that no single factor is determinative, and each case looked to all the facts in reaching its conclusion.

Defendant is incorporated under the laws of Arizona. Diversity of citizenship exists, therefore, if defendant does not have its principal place of business in California. The Court need not determine where defendant's principal place of business is, so long as it is not in California. Textron Electronics, Inc. v. Unholtz-Dickie Corp. (DC Conn., 1961), 193 F.Supp. 456.

The record clearly demonstrates that under any test or standard of measurement indicated by the above cases, de-

fendant Del E. Webb Corporation does not have its principal place of business in California.

 The record shows that the defendant's home offices are in a large, company-owned building in Phoenix, Arizona. Every executive and staff department has its main office in Phoenix. The board of directors regularly holds its meetings in Phoenix and there is no delegation of the board's authority to executive or operations committees. The Chairman of the Board, the President, eight of eleven Vice Presidents, all of the Secretaries and Assistant Secretaries, and the Treasurer, are Arizona residents; two Vice Presidents are residents of California, one is a resident of Nevada. All policy decisions, such as new ventures, acquisitions and dispositions of corporate properties are reviewed and approved in Phoenix. General counsel and four assistant legal counsel are Arizona residents and have their offices in Phoenix. All records and accounting are kept in Phoenix. The federal income tax returns are filed with the District Director in Phoenix. Defendant has registered its securities with the Securities Exchange Commission and represents to that agency that Phoenix is its principal office. Over 50% of defendant's stock is held by two principal executives, both Arizona residents.

The record also shows that defendant has a total of 77 subsidiaries or partnership companies, each of which receives direction and control from Arizona. Seventeen of the 77 companies have offices in California. Excluding hourly transcient or temporary employees, defendant has a total of 524 persons on its payroll, 262 in Arizona, 98 in California, and the remainder divided into four other states. Net income derived from California was 23.8% of defendant's total net income in 1963.

The facts disclosed by the record can, therefore, lead to only one conclusion, the principal place of business of the Del E. Webb Corporation is not in California.

The requisite diversity of citizenship to give this Court jurisdiction is present.

It is, therefore, ordered that plaintiff's motion to remand this action to the Superior Court of the State of California, in and for the City and County of San Francisco, be, and the same is hereby denied.