**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**L. Arthur BYRD, et al., Defendants.**

**No. C–89–0087 DLJ.**

United States District Court, N.D. California.

April 14, 1989.

Steven McDonald of Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for plaintiff.

Richard Brown of Melvin Belli, San Francisco, Cal., for defendants Byrds and Engstroms.

## ORDER

JENSEN, District Judge.

On April 12, 1989, this Court heard defendants' motion to dismiss for lack of diversity. Steven McDonald appeared for plaintiff State Farm. Richard Brown appeared for defendants Byrds and Engstroms. The sole question to be determined by the Court is whether plaintiff's principal place of business for diversity purposes is Illinois or California. For the following reasons, the Court finds that Illinois is plaintiff's principal place of business and therefore DENIES defendants' motion to dismiss.

### I.

The relevant statutory provision states that for purposes of diversity jurisdiction "a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c).

It is undisputed between the parties that plaintiff's place of incorporation is Illinois. The question thus becomes whether Illinois or California is plaintiff's principal place of business.

Various tests have been developed to determine where a corporation's principal place of business is located. These include

the so-called "nerve center," "center of corporate activity," and "totality of corporate activity" tests. "The above tests appear to be articulations of substantially the same concept no matter what label the court used in a particular instance. Each case pointed out that no single factor is determinative, and each case looked to all the facts in reaching its conclusion." *Unger v. Del E. Webb Corp.*, 233 F.Supp. 713 (N.D.Cal. 1964). The *Unger* court looked at such factors as the location of the company's home offices, where its board of directors meets, where the corporate officers reside, where policy decisions are made, where general counsel resides and location of office, location of records and accounting departments, and where the corporation's federal income taxes are paid. *Unger*, 233 F.Supp. at 716.

Under any of the above-named tests, plaintiff has established that its principal place of business is Illinois. Plaintiff has presented facts to show the following: 1) it is incorporated in Illinois; 2) its home offices are in Illinois; 3) it does business in all 50 states; 4) its board of directors meets exclusively in Illinois; 5) its general counsel's office is located in Illinois; 6) all federal taxes are paid in Illinois; 7) all corporate accounting and investment functions are conducted in Illinois; 8) all corporate general operational departments are in Illinois; and 9) all company officers are elected in Illinois.

Using the factors considered by the *Unger* court as a guide, it is clear that plaintiff's principal place of business is Illinois.

## II.

Therefore, diversity exists, and defendants' motion to dismiss is hereby DENIED.

IT IS SO ORDERED.